[Civ. No. 6712. First Appellate District, Division One.—May 29, 1929.]

A. P. THOMSON et al., Appellants, v. MORTGAGE IN-VESTMENT COMPANY (a Corporation) et al., Re-spondents.

Kimball Fletcher for Appellants.

Julius V. Patrosso, C. C. Mishler and .Earle M. Daniels for Respondents.

LUCAS, J., *pro* *tem.*—This is an appeal from a judgment of dismissal following an order sustaining, without leave to amend, the demurrers of defendants Mortgage Investment Company and B. & H. Circuit, Inc., to plaintiffs' amended complaint.

Plaintiffs, stockholders in the defendant B. & H. Circuit, Inc., brought suit on behalf of said corporation and its stockholders, including themselves, seeking generally to establish the corporation's title to certain properties and to have certain encumbrances thereon declared invalid on account of alleged usurious loans. The amended complaint alleges that B. & H. Circuit, Inc., is the owner of and entitled to the possession of certain real property situate in the city of Los Angeles, and is also the holder of a

leasehold interest in and entitled to the possession of certain other real property situate in said city; that upon the property alleged to be owned by said defendant B. & H. Circuit, Inc., there has been erected and maintained a certain building for theater purposes known as the Forum. Theater; that prior to December 17, 1924, in building and equipping said theater defendant B. & H. Circuit, Inc., had incurred and was owing debts in excess of $600,000, and in addition was owing balances upon certain lease contracts for furnishings; that of such indebtedness approximately $522,500 was owing to defendant Mortgage Investment Company, and that $500,000 thereof was secured by a mortgage and three deeds of trust upon said real property. The balance of the indebtedness was unsecured.

It is alleged that when the loan aggregating said sum of $500,000 was made the defendant Mortgage Investment Company "extracted and deducted from the amount paid to defendant B. & H. Circuit, Inc., or for its benefit" certain bonuses in violation of the usury laws of the state of California; that notwithstanding the usurious character of said encumbrances defendant Mortgage. Investment Company, prior to and upon December 17, 1924, "threatened to foreclose said mortgage and order sales under said trust deeds, well knowing that defendant B. & H. Circuit, Inc., was unable to pay the same, and by said threats coerced defendant B. & H. Circuit, Inc., to execute" an agreement dated December 17, 1924, between defendants B. &. H. Circuit, Inc., and Mortgage Investment Company. By the terms of this agreement it was provided that defendant B. & H. Circuit, Inc., should allow defendant Mortgage Investment Company to take possession of all of its property; that its leasehold contracts for furnishings and equipment and its leaseholds on realty and insurance contracts should be conveyed to said defendant Mortgage Investment Company; and that said last-named defendant would accept said possession and conveyances, operate said theater, have a lien on all the property thereof for money paid on leasehold contracts, retain all its rights unimpaired under said mortgage and trust deeds, and that in the event defendant B. & H. Circuit, Inc., paid all amounts due under the terms of said mortgage and trust deeds and all further advancements of defendant Mortgage Investment Company, together with.

the stipulated interest, then defendant Mortgage Investment Company would reconvey to defendant B. &. H. Circuit, Inc., all said real and personal property. In the event of foreclosure defendant B. & H. Circuit, Inc., was to be given an extension of time within which to redeem its property.

It is further alleged that by the terms of said agreement defendant Mortgage Investment Company was let into the possession of the real property of defendant B. & H. Circuit, Inc., and given the management of said theater as trustee for said last-named defendant and its creditors, obligating itself to operate the same in such manner as would build up a substantial and profitable business, and to redeliver said property to defendant B. & H. Circuit, Inc., upon October 22, 1925, unless said defendant Mortgage Investment Company sooner acquired superior rights by foreclosure, or unless defendant B. & H. Circuit, Inc., repaid its indebtedness prior to said date. The property above mentioned constituted the sole assets of the defendant B. &. H. Circuit, Inc., and while in possession thereof and on January 21, 1925, defendant Mortgage Investment Company "by further threats to foreclose its encumbrances coerced defendant B. &. H. Circuit, Inc., to enter into and execute" another agreement which is set out in full in plaintiff's complaint. This latter agreement provided a new plan for refinancing the affairs of defendant B. & H. Circuit, Inc., and provided for the execution of certain notes, mortgages and deeds of trust, the last of which, a note for $400,000, payable to defendant Mortgage Investment Company bearing interest at 7 per cent per annum, was to become due February 18, 1930.

It is further alleged in said amended complaint that the interest upon each of the several notes above referred to is payable quarterly, and that the principal sum upon none of them is yet due; that by the terms of said agreement defendant Mortgage Investment Company "exacted" from defendant B. & H. Circuit, Inc., an agreement to pay as a part of one of the trust deeds the sum of $25,000 as a brokerage fee, and that said agreement in this is contrary to the usury laws of California and violative of the duty owed by said defendant Mortgage Investment Company to defendant B. & H. Circuit, Inc., because of the fiduciary relationship existing between the two.

Allegation is further made that by the terms of said agreement the payment of the then existing indebtedness of defendant B. & H. Circuit, Inc., from the proceeds of the new encumbrances was to be handled through an escrow at the Security Trust and Savings Bank, and that defendant Mortgage Investment Company agreed upon the closing of said escrow to redeliver to defendant B. & H. Circuit, Inc., all the property taken possession of under the agreement of December 17, 1924; that said escrow was closed on or about June 26, 1925, but that said defendant Mortgage Investment Company nevertheless remained in possession of said property except for a period of time during which said properties were in the possession of receivers appointed in a suit brought by defendant B. & H. Circuit, Inc., against several of the defendants herein.

In said last-mentioned action defendant B. &. H. Circuit, Inc., sought to restrain defendant Mortgage Investment Company from causing a foreclosure and sale under one of the trust deeds made and executed by virtue of the agreement of January 21, 1925, on the ground that the notes secured by said trust deed were usurious. The receivers in said action held possession of the properties of defendant B. &. H. Circuit, Inc., from about February 8, 1926, to about September 4, 1926.

It is further alleged that at the time of the making of the contract of January 21, 1925, defendant B. &. H. Circuit, Inc., had no money or property except the real property and theater hereinabove referred to and which was in the hands of the defendant Mortgage Investment Company as mortgagee in possession; that it had no income; that foreclosure was threatened by various holders of liens and encumbrances; that defendant B. & H. Circuit, Inc., was without funds to discharge the said liens and encumbrances "although the said property was always of a value sufficient to defray all the debts, liens and encumbrances but that at that time it was impossible to sell said property for an amount sufficient to pay off the liens and encumbrances."

It is further alleged that on September 4, 1926, defendant Mortgage Investment Company claimed that a default in interest had occurred on certain notes executed in accordance with the provisions of the agreement of January 21,

1925, and thereupon the officers and directors of defendant B. &. H. Circuit, Inc., or some of them, assented to the dissolving of the temporary restraining order forbidding the sale under the trust deed securing said last-mentioned notes, and to the immediate termination of the receivership in the suit hereinabove referred to, and to a dismissal of said suit, all to the great loss and damage of defendant B. &. H. Circuit, Inc.; that on or about the said last-mentioned date defendant Title Guarantee and Trust Company, trustees, sold all of the properties belonging to defendant B. &. H. Circuit, Inc., pursuant to the terms of the last referred to trust deed, and that defendant Mortgage Investment Company purchased said properties at said sale and is now the purported owner thereof but without right to the title or possession thereof.

The defendant Producers Distributing Corporation became a party to the agreement of January 21, 1925, agreeing to pay off certain of the debts of defendant B. & H. Circuit, Inc., to assist in adjusting and settling other claims, and to advance money to be used as working capital. As this corporate defendant was never served with summons and has never made appearance herein, the allegations concerning it are of no importance in so far as said corporation is concerned. Neither are they important as against the answering defendant for no coercion is attempted to be shown by said corporation, and the allegations in reference to its exacting from defendant B. & H. Circuit, Inc., notes and trust deeds in violation of the usury laws of the state of California show neither culpability nor neglect on the part of the board of directors of said last-named corporation. In fact an examination of the consideration for the said notes and trust deeds shows there was no usury practiced.

The final allegation of the amended complaint is to the effect that the two paintiffs, Thomson and Fletcher, each demanded of the board of directors and officers of the defendant B. & H. Circuit, Inc., that they take proper and appropriate legal proceedings similar to the one ultimately brought by appellants, but that said board of directors and officers refused so to do and instead have actively aided the defendant Mortgage Investment Company in securing title to, and possession of, the properties of defendant B. & H. Circuit, Inc.

Plaintiffs thereupon pray that all of the said indebtedness, notes, mortgages and trust deeds be declared usurious in character and invalid; that the parties defendant be directed to make a complete accounting; that the amount of interest paid to any of the defendants be determined, and that defendant B. & H. Circuit, Inc., have judgment for three times the amount thereof; that a receiver be appointed of all of said property; that the sale by defendant Title Guarantee and Trust Company under one of the trust deeds be set aside; that defendant B. &. H. Circuit, Inc., be declared the owner of said properties, and restored to the possession thereof; that all of the defendants be enjoined from proceeding in or causing any sale or foreclosure of any of said properties, and for general relief.

To this amended complaint the defendants Mortgage Investment Company and B. & H. Circuit, Inc. (respondents herein), filed separate demurrers on the grounds that the amended complaint did not state facts sufficient to constitute a cause of action; that there is a misjoinder of causes of action and of parties defendant, and that the complaint is uncertain, ambiguous and unintelligible in several particulars. These demurrers were sustained without leave to amend and a judgment of dismissal entered.

In their opening brief appellants herein, plaintiffs below, assert that the only point urged in the trial court was that the plaintiffs, minority stockholders, have no right to sue. There is nothing on the face of the record, however, to show that this is the only point considered by the trial court, and this being true, the respondents are well within their rights in showing, if they can, that the trial court for any reason was justified in its action. (*Burke* v. *Maguire,* 154 Cal. 456 [98 Pac. 21].)

The record upon appeal does not affirmatively show a request for the filing of an amended complaint, therefore there cannot be imputed to the lower court an abuse of discretion in denying plaintiffs' leave to further amend. (*Aalwyn* v. *Cobe,* 168 Cal. 165 [142 Pac. 79]; *Robertson* v. *Burrell,* 110 Cal. 568, at 579 [42 Pac. 1086].)

The only question, therefore, for this court to determine is whether or not the demurrers of the respondents were for any reason properly sustained.

Said demurrers were, in the opinion of the court, properly sustained for two reasons: first, because the amended complaint does not state facts sufficient to constitute a cause of action by appellants against either of said respondents on the ground of coercion or under the usury law of the state, and, second, because even if the facts alleged stated a cause of action on the part of B. & H. Circuit, Inc., for whose benefit appellants brought suit, the amended complaint does not state facts sufficient to authorize minority stockholders to prosecute such action.

█ A stockholder in circumstances such as presented here is a mere nominal plaintiff, the corporation is the real party in interest, and any judgment recovered inures to its benefit. (6 Cal. Jur., p. 865.)

Appellants herein accordingly attempted to state a cause of action for and on behalf of B. & H. Circuit, Inc., on the grounds that the directors of said corporation were coerced into entering into certain agreements and into executing certain promissory notes, which said promissory notes are void under the usury laws of California.

█ In so far as the alleged coercion on the part of respondent Mortgage Investment Company is concerned, it is alleged that prior to and upon December 17, 1924, said respondent, to whom there was then and there owing upon a deed of trust the principal sum of $500,000, "threatened to foreclose said mortgage and order sales under said trust deeds, well knowing that defendant B. & H. Circuit, Inc., was unable to pay the same, and by such threats coerced defendant B. & H. Circuit, Inc., to execute" a certain agreement. Whether or not the original loan for $500,000 was, as alleged, usurious by reason of certain bonuses having been exacted is immaterial because the principal sum being due at the time of the alleged threats, the said Mortgage Investment Company was in a position legally to enforce its claims as to said principal.

Under the usury law, Statutes of 1919, page lxxxiii, "no person, company, association or corporation shall directly or indirectly take or receive in money, goods or things in action, or in any other manner whatsoever, any greater sum or any greater value for the loan or forbearance of money, goods or things in action than at the rate of twelve dollars upon each one hundred dollars for one year." Upon the

violation of such inhibition the borrower may recover from the lender in an action at law treble the amount of the money so paid or value delivered in violation of said section, providing the action is brought within one year after payment or delivery; and the lender of money in violation of said inhibition is foreclosed from collecting the principal thereof until the full period of time for its payment has elapsed. The agreement is null and void as to interest only.

The principal sum of $500,000 in this case being wholly due at the time the respondent Mortgage Investment Company is alleged to have threatened to foreclose its mortgage and order sales under its trust deeds, the corporation was well within its rights in demanding its payment and in making the threats complained of. ''Persuasion is not coercion, insistence upon one's legal rights is not undue influence, and pertinacious zeal to secure the payment of a just debt is not fraudulent.'' (*Van Valkenburgh* v. *Oldham,* 12 Cal. App. 572, at p. 577 [108 Pac. 42, 44].)

Further coercion on the part of said respondent Mortgage Investment Company is complained of in that on January 21, 1925, it ''by further threats to foreclose its encumbrances coerced defendant B. & H. Circuit, Inc., to enter into and execute another agreement,'' namely, the agreement of January 21, 1925; but since under the agreement of December 17, 1924, said respondent corporation retained all its rights unimpaired under its original mortgage and trust deeds it still had a right to foreclose its encumbrances, and therefore for the reasons above expressed its said threats were justifiable and did not constitute coercion.

The only other attack made upon the validity of said agreements, and particularly upon the agreement of January 21, 1925, is that they call for usurious interest. In regard to this it is alleged that by the terms of said last-mentioned agreement respondent Mortgage Investment Company exacted from defendant B. & H. Circuit, Inc., an agreement to pay as a part of the trust deeds securing the sum of $143,103.52, the sum of $25,000 as a brokerage fee and that said agreement is, therefore, contrary to the usury laws of the state of California ''and in defiance of the duty owed by said defendant Mortgage Investment Company to defendant B. & H. Circuit, Inc., because of the fiduciary relationship existing between defendant Mortgage Investment

Company and defendant B. & H. Circuit, Inc." Further allegations of the amended complaint, however, show a complete refinancing of the affairs of respondent B. &. H. Circuit, Inc., the extension of time within which its indebtedness might be paid, including the extension of the time of payment of a sum of $400,000, for a period of five years, and the bringing into the affairs of the company the defendant Producers Distributing Corporation with its agreement to advance additional substantial sums of money and to settle outstanding unsecured claims against the said respondent B. & H. Circuit, Inc.

The language of the agreement of January 21, 1925, in reference to the so-called "exaction" of the sum of $25,000 as a brokerage fee is as follows: "It is further understood and agreed that the party of the first part (B. & H. Circuit, Inc.) shall and will execute its promissory note in favor of the party of the second part (Mortgage Investment Company) in the sum of approximately $135,000, said $135,000 being made up of the following items: $100,000 being the balance of the indebtedness secured by mortgage and trust deeds in favor of the party of the second part hereinabove referred to; $25,000 thereof being brokerage fees agreed upon by first and second parties," etc.

It would appear from a reading of the said amended complaint that the brokerage fee referred to was not a fee exacted on account merely of the loan of $135,000, but on account of all of the services and forbearances on the part of said respondent Mortgage Investment Company.

In the case of *Haines* v. *Commercial Mortgage Co.*, 200 Cal., at page 625 [53 A. L. R. 725, 255 Pac. 807], it is held that: "The maximum rate allowed for loans coming under the act is at the rate of 12 per cent per annum for the full period of the loan, and that within such limit the parties may freely contract in respect thereto if done in writing."

Considering the agreement of January 21, 1925, as a whole, the interest charged on all of the indebtedness of B. & H. Circuit, Inc., to Mortgage Investment Company under the new plan of financing, including the brokerage fee of $25,000, does not equal or exceed the maximum rate of twelve per cent per annum for the full period of the loans and, therefore, cannot be held usurious.

■ For the foregoing reasons we are of the opinion that the amended complaint did not state a cause of action on behalf of appellants' corporation, B. & H. Circuit, Inc. Furthermore, the language of said amended complaint in reference to the alleged usury is so ambiguous, uncertain and unintelligible that the demurrers of the respective defendants could properly be sustained on those stated grounds.

■ As to said amended complaint stating facts sufficient to entitle appellants (minority stockholders) to institute and maintain this action, even if the corporation itself had a cause of action, it is the law that such actions may be instituted and maintained by stockholders only when ·the acts of the board of directors of the corporation are either *ultra vires,* illegal, fraudulent, oppressive or show wilful neglect. (Fletcher's Cyclopedia of Law of Private Corporations, sec. 4065; *Hawes* v. *Oakland,* 104 U. S. 450 [26 L. Ed. 827]; *United Copper Co.* v. *Amalgamated Copper Co.,* 244 U. S. 261 [61 L. Ed. 1119, 37 Sup. Ct. Rep. 509, see, also, Rose's U. S. Notes]; *Donohoe* v. *Mariposa L. & M. Co.,* 66 Cal. 317 [5 Pac. 495].)

■ The two allegations concerning the acts of the board of directors of respondent B. & H. Circuit, Inc., upon which appellants rely as showing wrongful or negligent acts are: "The officers and directors of defendant B. & H. Circuit, Inc., or some of them, assented to the dissolving of the temporary restraining order forbidding a sale under the last mentioned trust deed and to the immediate and summary termination of the receivership in said suit and to dismiss said suit, to the great loss and damage of defendant B. & H. Circuit, Inc.," and that after the demands by appellants of the board of trustees and officers of respondent B. & H. Circuit, Inc., that "they take the proper and appropriate legal proceedings to have the usurious nature of all the said debts, notes and agreements determined, and said sale to defendant Mortgage Investment Company prevented and enjoined, and to prevent defendants from obtaining the present said wrongful position of advantage over defendant B. & H. Circuit, Inc., the board of directors and officers of defendant B. & H. Circuit, Inc., have stood idly by and have refused and do still refuse to take any such procedure; but, on the other hand, have actively aided the defendant Mortgage Investment Company in securing its

apparent wrongful title to, and possession of, the properties of defendant B. & H. Circuit, Inc.; and that said properties constitute all of the assets of said B. & H. Circuit, Inc."

In regard to the board of directors assenting to the dissolution of the temporary restraining order and the termination of the receivership, there is no showing or allegation that such action was either in excess of the authority of the board, fraudulent or wilfully neglectful; and as to the great loss and damage alleged, no showing is made as to what constituted such loss and damage, if any there was.

Concerning the other allegations in reference to the refusal of the officers of respondent B. & H. Circuit, Inc., to bring suit as demanded and that they actively aided respondent Mortgage Investment Company in securing its apparently wrongful title to the properties of the defendant, there is no allegation or showing that such acts were in anywise culpable. The words "apparent wrongful title" have no force in view of the other allegations of the amended complaint which show that the respondent Mortgage Investment Company was well within its rights in requiring the sale of said properties and in buying in the same under the terms of their trust deed.

Considering the amended complaint as a whole it may well be concluded that the acts of the board of directors of respondent B. & H. Circuit, Inc., in dismissing the action referred to therein and in not objecting to the sale of its properties under the trust deed of respondent Mortgage Investment Company, instead of being wrongful constituted an economical and efficient way of terminating an apparently unsuccessful business venture without incurring further and additional liabilities.

The judgment appealed from is affirmed.

Tyler, P. J., and Knight, J., concurred.