[Civ. No. 6644. Second Appellate District, Division One.—January 17, 1930.]

In the Matter of the Estate of CHAUNCEY DWIGHT CLARKE, Deceased. MARIE RANKIN CLARKE, Appellant, v. MARY E. DUFFIELD, Respondent.

Claude I. Parker and Ralph W. Smith for Appellant.

Laughlin & Laughlin, Frank L. Muhleman and Muhleman, Anderson & Palmer for Respondent.

HOUSER, J.—By the second paragraph of the will of the testator eleven different legacies were bequeathed to as many different persons ''to be distributed in the due course of the settlement'' of his estate. The ninth paragraph of the will provided as follows:

''Should I pay the amount, or any part thereof, of any of above specified legacies to any of said named legatees, or establish trusts for said amounts, or any part thereof, for the benefit of any of said respective legatees, before my decease, the same shall be taken as satisfaction of said legacies for the amount so paid, to, or established, in favor of, such legatee. Should any of the above-named legatees or devisees die before my decease or before the date of payment or distribution herein specified, it is my will that the legacy or devise to such deceased 'legatee or devisee shall become a part of my residuary estate, unless otherwise herein specifically provided.''

One of the eleven legatees mentioned in the second paragraph of the will died before the legacy left to her could .be ''distributed in the due course of the settlement'' of the estate.

On each of two petitions presented to the probate court for the purpose of having construed the various provisions of the will to which reference has been had, as well as to settle the final account of the executor of the will and to provide for the distribution of the estate, the court made findings and rendered judgment thereon in substance that the effect of the language of the will by which in the second paragraph thereof (as hereinbefore indicated) each of eleven different persons was bequeathed a specified sum of money ''to be distributed in the due course of the settlement'' of the estate, was to immediately .vest in each of such legatees the sum of money so bequeathed to him, and that on the distribution of the estate, of whatever date, he was entitled to have such legacy paid to him. It is from such judgment that the appeal herein is taken.

Although with reference to the question submitted for the consideration of this court many different rules of construction are suggested by the respective parties to the appeal, it is a cardinal rule, and one which requires the citation of no authority in its support, that where no ambiguity exists in the language employed by the testator, and consequently that his intent is clear and manifest, no occasion is presented which requires the application of any rule of construction. To ascertain the intention of the testator in the matter is the sole object of the inquiry. If within the body of the will the intention of the testator is made certain and unmistakable, it is useless and unprofitable to inquire what other meaning might possibly be attributed to the directions which he has given concerning the disposition of his estate. With so much in mind, it may be well to again examine the language of the will, reduced to its simplest form so far as the provision here in question is concerned. By reference to the second and the ninth paragraphs thereof (considered together), it will be noted that in effect the testator gave to a certain person a specified sum of money "to be distributed in the due course of the settlement" of his estate, provided that if such intended legatee should die before "the date . . . of distribution" of the estate such legacy should be deemed lapsed and accordingly become a part of the residuum of the estate. Such language, in itself, will admit of no construction other than what it plainly imports, to wit: that in order to take under the will the intended legatee must be alive when the estate is distributed. However, it is contended that the words "date . . . of distribution"—not being or providing for an *exact* date so far as the ordinary calendar is concerned—are not specific, and hence not effectual as against the presumption that vesting of title in the legatee ensues immediately on the death of the testator. It is statutory that, unless something to the contrary is clearly apparent, words used in a will are to be taken in their ordinary sense (sec. 1324, Civ. Code); and that "That is certain which can be made certain" (sec. 3538, Civ. Code). Again, in reply to such contention, it need only be said that where the intention of the testator clearly appears from the instrument itself, rules of construction affecting ambiguity have no place.

It will be observed that in connection with the assumed vesting of title in the legatee, an extension of the language employed by the testator is that the legatee shall be living at the *date of distribution* "herein specified . . . *unless otherwise herein specifically provided.*" Considering paragraphs of the will other than those to which attention heretofore has been directed, it is noted that by the third paragraph thereof a bequest of ten thousand dollars was made to a "faithful cook" of the testator "to be paid and distributed to him" at the expiration of ten years from the decease of the testator; that by the fifth paragraph of the will a bequest of one hundred thousand dollars was to be "paid and distributed" to a niece of the testator, provided that she should be living at the expiration of eight years from the death of the testator; and that by the sixth paragraph of the will it was provided that on the decease of a certain named legatee, to whom the use of the sum of seventy-five thousand dollars was bequeathed during her natural life, the children of such legatee should receive said sum. It thus becomes clear that the "date of distribution" as to the legacies mentioned in the third, the fifth and the sixth paragraphs of the will are "specifically provided" for otherwise than as appears in the ninth paragraph thereof; and consequently that the words "date of distribution herein specified" can have reference only to the second paragraph of the will, which is the paragraph under which the heirs of the deceased legatee claim title herein.

The conclusion would seem inevitable that since the legatee whose claim against the estate forms the basis of this appeal was not living at the "date of distribution" of the estate, under the terms of the will the title to the legacy did not vest in her, and consequently neither her heirs nor representatives are entitled to participate in the distribution of the estate.

The judgment is reversed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 7, 1930, and a petition by respondent to have the cause heard in the

Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1930.

All the Justices concurred.