[Civ. No. 16259.   Second Dist., Div. Two.   May 19, 1948.]

Estate of MATHILDE HAMPE, Deceased.   WALLACE S. PARTRIDGE et al., Respondents, v. EMMA VON AHNDEN, as Executrix, etc., Appellant.

Appel, Dains & Lieberman, Ivores R. Dains and Henry A. Plattner for Appellant.

Earle Stuart Rhode for Respondents.

McCOMB, J.—This is an appeal from an order of the probate court settling the amended final account and decreeing final distribution of the estate of Mathilde Hampe, deceased.

The essential facts are these:

Mathilde Hampe died on December 17, 1945, leaving a will dated April 17, 1943, which contained among others the following provisions:

"Fourth.   I give, devise and bequeath the following property or sums of money to the following persons.

"(a) All of my stocks and bonds, (except all of my series 'E,' U. S. Defense Bonds), not sold to provide said funds, I give to my niece Martha Ahnden one seventh; . . .

"Eighth. I give, devise and bequeath the residue of my estate, wherever situated, in equal parts to Martha Ahnden, Lillian S. Brown and Geraldine S. Litwin, to share and share alike.

"Ninth. In the event that Martha Ahnden, shall *die prior to distribution,* all interests in said properties devised and bequeathed to her by this Will, shall fail, and shall be given, in equal parts to Lillian S. Brown and Geraldine S. Litwin, to share and share alike." (Italics added.)

On or about October 29, 1946, a decree of partial distribution was entered, distributing to Martha Ahnden the sum of $7,000 on account of the specific legacy given to her by paragraph Fourth of decedent's will. This sum was paid to her November 27, 1946.

On March 5, 1947, Martha Ahnden died. On March 21, 1947, an amended final account and petition for distribution of decedent's estate was filed. In the petition for distribution it was alleged: "That said Martha Ahnden, legatee, died on March 5th, 1947, and all interest in said properties devised and bequeathed to her by said will, and not distributed, did fail, and Lillian S. Brown and Geraldine S. Litwin, share and share alike, became entitled to the same."

April 11, 1947, the probate court made an order settling the amended final account and decreeing the distribution of the sum of $5,000 to Geraldine S. Litwin and a like sum to Lillian S. Brown. The residue of the estate, consisting of the sum of $180.42, was ordered distributed to the same persons, share and share alike. Nothing was ordered distributed to appellant herein as the executrix of the last will and testament of Martha Ahnden.

█ This is the sole question necessary for us to determine:

*Under the foregoing facts did Martha Ahnden "die prior to the distribution" of the estate of decedent within the meaning of the phrase as used in paragraph Ninth of the will of Mathilde Hampe, deceased, with the result that appellant as executrix of the estate of Martha Ahnden was not entitled to receive anything by the decree of distribution?*

This question must be answered in the affirmative and is governed by this rule:

The phrase "die prior to distribution" as used in a will providing that a legacy shall lapse if the legatee "dies prior to distribution" means that if the legatee is not alive on the date of the entry of the decree of distribution the legacy lapses. (*Estate of Clarke,* 103 Cal.App. 243, 246 [284 P. 231] [hearing denied by the Supreme Court].)

Applying the foregoing rule to the facts of the present case it is clear that since Martha Ahnden died on March 5, 1947, and the decree of distribution was not entered until

April 11, 1947, she was not alive on the date of the entry of the decree of distribution, and under paragraph Ninth of decedent's will all legacies to her under the will lapsed. Therefore the decree of distribution entered by the probate court was correct.

It is settled that if a rule of law is clearly established by a decision of an appellate court of California we are not at liberty to overrule it in favor of one followed in decisions of other states. (*Schneider* v. *Schneider,* 82 Cal.App.2d 860, 862 [187 P.2d 459].) Hence cases from other states which state a contrary rule relied on by appellant are of no value in deciding the question presented to us. Such cases cited by appellant are : *In re Martin's Estate* (Pa.) 57 Montg. 352, *In re Sutton's Will,* 150 Misc. 137 [268 N.Y.S. 458], *Rusch* v. *Melosh,* 133 N.J.Eq. 502 [33 A.2d 390], *In re Gordon's Estate,* 48 N.Y.S.2d 244, *In re Denton's Will,* 46 N.Y.S.2d 145, *Biles* v. *Webb,* 118 Ohio 346 [161 N.E. 49], *In re Will of F. J. Greene,* deceased, 240 Wis. 452 [3 N.W.2d 704, 142 A.L.R. 129], and *Wengerd's Appeal,* 143 Pa. 615 [22 A. 869, 13 L.R.A. 360].

The order is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied June 7, 1948, and appellant's petition for a hearing by the Supreme Court was denied July 15, 1948.