## Forman v. Brent et al.

October 8, 1948.

As Modified on Denial of Rehearing

March 18, 1949.

**736**

M. Don Forman and E. C. O'Rear for appellant.

Stoll, Townsend, Park & Mohney, Mooney, Crosby & Clay, and McDonald & McDonald for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Appellee Security Trust Company, as Trustee, having sold real estate left in trust under the will of C. S. Brent, filed a petition for advice in the lower Court to have determined the proper parties entitled to the proceeds. The settlement of this controversy requires a construction of the will and its legal effect.

C. S. Brent died in 1903, survived by his widow, three sons, and a daughter. His will so far as important here provided as follows (our italics):

"second: To my sons Alfred & Harry I leave *in trust for the benefit of my wife,* in lieu of her dower, my residence on the S. E. Corner of Broadway & Third Street, my warehouse on South Broadway between Water & Vine Streets and my warehouse on Patterson Street between Water & Vine Street all in Lexington, Ky., to use & have the rents from same; *at her death to be sold & proceeds divided equally among and between my children or their descendants.*"

The trust created by the will was administered until

the death of the widow in 1929. At that time the three sons of the testator, Charles, Alfred and Harry, were living. Their sister, Elizabeth, had died in 1921, survived by two sons.

Upon the widow's decease, by the terms of the will above quoted, the real estate remaining in the trust should have been sold and the proceeds divided. This, however, was not done. The two trustees, who had theretofore sold all real estate with the exception of the warehouse on South Broadway, continued to control and manage this property. They subsequently died without having sold it and divided the proceeds; Alfred dying in 1943 and Harry dying in 1946. Both had been pre-deceased by the other son, Charles, who died in 1936. The real estate was not sold until after the Security Trust Company had been appointed Trustee in this action.

The controversy revolves about the claim of appellee Annell Tomlinson Brent, the widow and sole legatee of her husband Alfred, to a one-fourth interest in the proceeds. Her claim is opposed by appellant, a son of the testator's deceased daughter Elizabeth. His contention is that the only persons entitled to distribution of the proceeds are the descendants of the testator's deceased children who were living *at the time the property was actually sold on March 15, 1947*. At that date the testator's widow was dead, his daughter and all three of his sons were dead, and the only descendants of these four children then living were the two sons of Elizabeth and two daughters of Charles. Alfred and Harry had both died without descendants, but Alfred had by will left his estate to his widow, appellee Annell Tomlinson Brent, and Harry had bequeathed his interest in this property to the widow of his brother Charles.

The Chancellor adjudged that appellee Annell Tomlinson Brent was entitled to one-fourth of the proceeds as the legatee of her deceased husband; in effect determining that the proceeds should pass to those, or the successors of those, who would have been entitled to distribution if the property had been sold immediately upon the death of the widow in 1929. With this view we are entirely in accord, and do not see how a different conclusion could have been reached.

Appellant takes this position: On the date of the

death of the life tenant, the two trustees had three courses open to them. They could, (1) sell the property and divide the proceeds, (2) petition a court of equity for dissolution of the trust and for authority to convey the property direct to the beneficiaries, or, (3) continue the trust. Appellant argues that by their failure to pursue either courses (1) or (2) above, the trustees thereby *elected* to continue the trust and by doing so they deferred the time when the interests of the "children or descendants" should vest until the date the property was actually sold. This theory is untenable for two reasons: (1) It invokes the doctrine of "election" when neither the trustees nor any of the other beneficiaries had a choice between *inconsistent* or *repugnant* rights, and (2) it acknowledges a power in the trustees to designate beneficiaries which has no possible source in the testator's will.

The parties in their briefs have extensively argued the theories of "election," "equitable conversion," and "reconversion." We believe it unnecessary to discuss these principles, which often lead closer to confusion than conclusion. The Chancellor, without invoking legal fiction, determined the rights of the parties in accordance with the testator's specific directions.

Let us re-examine the second clause of the will which has heretofore been quoted. It devised the real estate "in trust for the benefit of my wife" during her lifetime. No trust was created for anybody else. At the wife's death the trust purpose had been fully accomplished, and it was terminated except for the duty of the trustees to sell the property and distribute the proceeds. See Restatement of the Law, "Trusts" Volume 2, Section 334.

The testator decreed: "at her death to be sold & proceeds divided equally among and between my children or their descendants." It seems evident the testator directed a sale of the property for convenience of division. Also he clearly contemplated that the division would be between his children living at his wife's death and the descendants of any children who had died prior to that time.

Appellees maintain that the real estate was then equitably converted to personalty and the interests of

the children or the descendants in being became vested. See Sherley et al. v. Sherley et al., 192 Ky. 122, 232 S.W. 53. It is unnecessary to apply the doctrine of equitable conversion for the purposes of this case, since it makes no difference whether the interests of the beneficiaries were realty or personalty. The only question is whether or not on the date of the widow's death the rights in this property or its proceeds became finally and irrevocably *vested* in the persons designated by the will. Appellant contends the testator manifested an intention that the property remain in his bloodstream, and that he did not wish his in-laws to receive it. He apparently overlooks the fact that when the widow died the persons who would have received the proceeds had the sale been made immediately were his three sons and the two children of his deceased daughter. The property devolved exactly as appellant insists the testator intended.

We have searched this will in vain to find some intimation that the trustees for the widow should have any semblance of power to alter or direct the devolution of the ultimate interests in the property or its proceeds. They were not even given a discretion to determine when the sale should be made. By procrastination they could not defeat or impair the rights created by the will. See Arnold's Executors v. Arnold's Administrator, 11 B. Mon. 81, 50 Ky. 81.

Equity considers done what should have been done, and the fact that a sale was not immediately effected cannot divest the beneficiaries of their interests which became absolute upon the death of the life tenant. Any interested party at any time after the death of the widow could have forced a sale of the property and a distribution of the proceeds, but we know of no principle which would create a forfeiture because of failure to take such legal action.

It is our conclusion that the ultimate interests in this property, be they considered legal or equitable, realty or personalty, vested irrevocably in the children of the testator and the descendants of any deceased children on the date of the death of the testator's widow. These interests could thereafter be transferred by the beneficiaries in any maner they saw fit. The conclusion of the Chancellor that appellee Annell Tomlinson Brent

740

is the owner of an undivided one-fourth interest in the net proceeds of the sale was eminently correct.

The judgment is affirmed.