[Civ. No. 18411.   Second Dist., Div. Two.   Oct. 15, 1951.]

CLOYD  MARSHALL,  Appellant,  v.  PACKARD-BELL COMPANY  (a Corporation)  et al., Respondents.

Elmer H. V. Hoffman and Charles H. Carr for Appellant.

Todd W. Johnson, Donald C. McGovern, and Edward D. Robertson for Respondents.

McCOMB, J.—From a judgment predicated upon the sustaining of defendants' demurrer to plaintiff's complaint as amended in an action to recover damages and for an accounting, plaintiff appeals.

## FACTS

Plaintiff's complaint as amended was in three counts, the first two based upon the theory of "illegal business compulsion," and seeking damages therefor, while the third count sought an accounting and was predicated upon the theory that plaintiff had entrusted money to defendants by duress.

The substance of the complaint as amended was: that during the month of November, 1945, plaintiff and defendant Packard-Bell Company agreed that plaintiff should have an exclusive distributorship within a specified area of the city of Los Angeles, of the products to be manufactured by the corporation; that during the month of November, 1945, defendant represented to plaintiff and other distributors of Packard-Bell products that defendant intended to carry on and did carry on an extensive campaign of advertising Packard-Bell products; that all distributors would be required to contribute a fixed percentage of their monthly

billings to an advertising fund to be administered by the defendant David Fenwick, and in order for plaintiff and such other distributors to act as such they would have to contribute to such fund and make payment to defendant David Fenwick out of each of their monthly billings, percentages thereof to be determined by defendant Packard-Bell; that coerced by the threat of defendants to deprive him of his distributorship plaintiff did accede to defendants' requirement that he agree to contribute a percentage of his billings to defendants, and as a result of such continued economic and business compulsion and duress of defendant, plaintiff contributed to the fund out of his billings from January, 1946, to and including the billing of April 5, 1947, the sum of $25,521.24; that plaintiff continued to be subject to such business and economic compulsion until the termination of his distributorship by defendant company in May, 1948.

It was alleged that plaintiff executed and delivered to defendants a letter reading in part as follows:

November 19, 1945.

"Mr. Dave Fenwick—Advertising

. . . . . . . . . . . .

"Dear Mr. Fenwick:

. . . . . . . . . . . . .

"It is understood the payment to you monthly of the specified percentage of Packard-Bell Company billing to me shall represent payment in full for my share of all advertising of Packard-Bell products and policies, dealer display boards and other sales promotion material supplied by you, and such other expenses as are incident to this advertising and sales promotion program.

Very truly yours,
/s/ Cloyd Marshall
Distributor."

It was further alleged that plaintiff thereafter on February 10, 1947, executed a release to defendants, the material portion of which read as follows:

". . . I hereby release you and the Packard-Bell Company, individually and jointly, for any responsibility for the monies paid by me to you and expended by you, including monies already paid by you to the Packard-Bell Company for their charges and expenses incident to the operation of this advertising and sales promotion campaign."

On April 30, 1947, plaintiff executed another release to defendants wherein he agreed as follows:

"The Distributor releases Packard-Bell Company and David Fenwick-Advertising jointly and severally from all responsibility and accountability for any and all moneys paid by the Distributor to David Fenwick-Advertising."

It was also alleged that at the time of the execution of the releases plaintiff was acting under duress, coercion, business and economic compulsion inflicted upon him by defendants, and that after being relieved from such pressure he gave notice of the rescission of the releases.

Defendants filed a demurrer to the complaint as amended on the grounds: (1) that each count failed to state sufficient facts to constitute a cause of action, and (2) that plaintiff's alleged cause of action was barred by the provisions of subdivision 1, section 339 of the Code of Civil Procedure.[1]

## QUESTIONS

■ First: *Were plaintiff's first and second causes of action, which were predicated upon the theory that plaintiff was entitled to recover money from defendants upon a quasi contractual obligation arising from the fact that defendants had received money from plaintiff because of alleged illegal business compulsion, barred by the provisions of subdivision 1, section 339 of the Code of Civil Procedure?*

*Yes.* Subdivision 1 of section 339, Code of Civil Procedure, provides that an action upon a contractual obligation or liability not founded upon an instrument in writing must be commenced within two years from the date the cause of action arises.

It is conceded in the instant case that the last money given defendants by plaintiff was in May, 1947. Hence, since the instant action was not filed until July 8, 1949, more than two years elapsed from the time plaintiff's cause of action arose and it was barred by the statute of limitations.

[1]Section 339 of the Code of Civil Procedure provides that suit must be filed within two years upon:

"1. An action upon a contract, obligation or liability not founded upon an instrument of writing, other than that mentioned in subdivision two of section three hundred thirty-seven of this code; or an action founded upon a contract, obligation or liability, evidence by a certificate, or abstract or guaranty of title of real property, or by a policy of title insurance; provided, that the cause of action upon a contract, obligation or liability evidence by a certificate, or abstract or guaranty of title of real property or policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder."

■ There is no merit in plaintiff's contention that the statute of limitations was tolled during the period that he was acting under alleged duress. Section 312 of the Code of Civil Procedure reads: "Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute."

■ The courts in California have held that statutes of limitation are to be strictly construed and that if there is no express exception in a statute providing for the tolling of the time within which an action can be filed, the court cannot create one. (*Lambert* v. *McKenzie*, 135 Cal. 100, 103 [67 P. 6]; *Morrow* v. *Barker*, 119 Cal. 65, 66 [51 P. 12]; *Lattin* v. *Gillette*, 95 Cal. 317, 319 [30 P. 545, 29 Am.St.Rep. 115]; *Tynan* v. *Walker*, 35 Cal. 634, 640 [95 Am.Dec. 152].)

In view of the decisions of the appellate courts of our own state cases relied on by plaintiff from other states such as *Durazo* v. *Durazo*, 19 Ariz. 571 [173 P. 350], *Hughes* v. *Silvers*, 169 Iowa 366 [151 N.W. 514], and *Besteiro* v. *Besteiro*, (Tex.Civ.App.) 45 S.W.2d 379, are not controlling. (*Estate of Hampe*, 85 Cal.App.2d 557, 559 [2] [193 P.2d 133]; see, also, cases cited in 4 Cal.Jur., 10-Yr.Supp. (1943), Courts, § 148, n. 14, p. 499.)

■ Second: *Did the third cause of action, predicated upon the theory that plaintiff had paid money to defendants under duress, state a cause of action?*

*No.* ■ General allegations of duress, coercion, threats, compulsion, etc., are merely conclusions of the pleader and are insufficient without a further statement of particular facts to raise any issue of duress or coercion. (*Metropolis etc. Sav. Bank* v. *Monnier*, 169 Cal. 592, 596 [147 P. 265].)

■ Viewing the facts alleged in the third cause of action in the light of this rule, it is disclosed that the only fact alleged constituting duress was that defendant corporation threatened to deprive plaintiff of his exclusive distributorship in the event he did not make the contributions to the advertising fund which was requested. ■ It is likewise the rule that it does not constitute duress or coercion to threaten to do that which a party has a legal right to do. (*Thomson* v. *Mortgage Investment Co.*, 99 Cal.App. 205, 213 [278 P. 468]; see, also, cases cited in 17 C.J.S. (1939), Contracts, § 172, p. 532.)

■ It is conceded in the present case that defendant corporation had the right to terminate its distributorship contract

with plaintiff at any time. Therefore when it threatened to do so unless plaintiff made a contribution to the advertising fund, such threat did not constitute illegal duress or coercion, as defendant corporation was merely threatening to do something that it was legally entitled to do. Hence plaintiff's contribution was made by him voluntarily.

In addition to the foregoing reason why the third count did not state a cause of action it alleged three separate releases of defendants executed by plaintiff, and since such releases were not executed under duress they are binding since they were in writing, even though there was not any consideration for them. (Civ. Code, § 1541.[2])

For the foregoing reasons the trial court properly sustained the demurrer to plaintiff's complaint as amended without leave to amend.

Affirmed.

Moore, P. J., concurred.

A petition for a rehearing was denied November 1, 1951, and appellant's petition for a hearing by the Supreme Court was denied December 13, 1951.

[2]Section 1541 of the Civil Code reads as follows: "An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration."