**M. Bernard COOPER**

v.

**FIDELITY–PHILA. TRUST CO. and James J. Regan, Jr. et al.**

**Civ. A. No. 27868.**

United States District Court
E. D. Pennsylvania.

Jan. 2, 1962.

M. Bernard Cooper, pro se.

James J. Regan, Jr., Bala-Cynwyd, Pa., Arthur R. Littleton and Frederick H. Knight, 3rd, Morgan, Lewis & Bockius, Philadelphia, Pa., for Fidelity-Phila. Trust Co.

WOOD, District Judge.

The motions under consideration are based upon three grounds: 1) the alleged causes of action set forth in the amended complaint are barred by the statute of limitations; 2) the alleged causes of action set forth in the complaint are res judicata; and 3) the complaint is so lacking in allegations of fact that it fails to state a claim upon which relief could be granted. A history of this case is necessary to the decision of these motions. The plaintiff has been unable to obtain and keep the assistance of counsel in this matter.[1] Therefore, we have considered plaintiff's brief as a part of the

record, and have not held him to strict technicalities of legal procedures.

The following appears in plaintiff's brief opposing the motions for summary judgment: In 1948 plaintiff was involved in a construction business and was a stockholder and director of a corporation known as Thomson Builders, Inc. Money belonging to that corporation was deposited with defendant Fidelity-Phila. Trust Co. Plaintiff had a falling out with some of the other principals in that enterprise, and on October 15, 1950, plaintiff was ousted as a director. At the same time he was discharged as builder for the corporation. At that time one of the defendants in this case, James J. Regan, Jr., Esq., was plaintiff's counsel. Upon the advice of counsel, plaintiff filed a complaint in equity in Common Pleas Court No. 1, seeking reinstatement as a director of Thomson Builders, Inc. On June 5, 1952, the actions of the defendants, about which plaintiff is now complaining, began:

"* * * Without the knowledge of the plaintiff James J. Regan, Jr., Esq., and Edward Unterberger, Esq., met with Judge Joseph L. Kun of Common Pleas Court No. 1, in chambers. Said attorneys signed a stipulation to the effect that plaintiff would be reinstated and that a meeting of the Board of Directors of the corporation would be held on June 12, 1952 to consider liquidation.

"James J. Regan, Jr., Esq., signed the stipulation without authority from plaintiff and in so doing acted against plaintiff's best interests, with malice and in concert with Edward Unterberger, Esq., in an attempt to drive plaintiff out of business."

Plaintiff contends that at the corporate meeting James J. Regan, Jr., Esq. and Edward Unterberger, Esq. succeeded in dominating the meeting and declaring that the corporation should be liquidated

---

1. The plaintiff is able to and has been willing to pay for legal assistance, but differences of opinion as to how this case should be prosecuted have resulted in plaintiff's present inability to retain counsel.

because the Board of Directors was deadlocked. Subsequently, the Court appointed one Irving R. Segal, Esq. as Receiver of the corporate assets upon the strength of a consent decree requesting this appointment. This decree was signed and filed by James J. Regan, Jr., Esq. and Edward Unterberger, Esq.

Plaintiff then discharged Regan as his counsel and protested the appointment of Segal as Receiver. Thereafter, pursuant to a decree of the Honorable Peter F. Hagan in that Common Pleas action, defendant Fidelity-Phila. Trust Co. turned the corporate moneys over to Segal. Thereafter, Segal made out a check in the amount of $2678.16, payable to M. Bernard Cooper and James J. Regan, Jr., representing plaintiff Cooper's share of the money as shown on a Court-approved Liquidating Receiver's Report and Schedule of Distribution. Defendant Fidelity paid the corporate moneys over to the Receiver on or about June 23, 1953.

■ It is apparent from the above facts that the acts upon which plaintiff bases his present complaint occurred more than six years prior to the filing of the complaint.[2] The amended complaint itself alleges merely that the defendants conspired to drive the plaintiff out of business and defamed plaintiff. The longest possible period of limitations applicable to either of these causes would be six years.[3]

■ A defending party may move for summary judgment on the basis of the statute of limitations at any time.[4] If there is no genuine issue as to any material fact, and it is apparent that the statute has run, then the motion should be granted.

The plaintiff contends that he was under a "disability" which prevented the statute of limitations from running because he was unable to obtain counsel and because defendants threatened to have plaintiff committed to a mental institution—apparently if plaintiff sought to enforce what he thought were his legal rights.[5]

There is little authority for the proposition that "duress" tolls the running of the statute of limitations. It is stated in AMERICAN JURISPRUDENCE, Vol. 34, pp. 193, 194:

"Actions in which duress or undue influence may be urged as tolling or suspending statutes of limitations fall in two classes, those in which the cause of action itself is based upon such duress or undue influence, and those in which duress or undue influence is exercised after the accrual of a cause of action based upon other grounds. * * * With regard to the second class of cases, there seems to be little or no direct authority. Whether in the particular case there is sufficient duress or undue influence to bring the parties plaintiff within the rule tolling * * the statute * * * is a matter to be determined from a consideration of the facts of the case under consideration * * * "

CORPUS JURIS SECUNDUM adds this observation:

"Whether there is such duress as will toll the statute * * * is to be determined from all the surrounding circumstances and personal characteristics of the parties involved in each particular case. *The threatened action must be unlawful.*" 54

---

2. The original complaint herein was filed on May 28, 1960.

3. The Pennsylvania statute of limitations, 12 P.S. § 31, applicable to the tort of driving out of business is six years while the Federal statute of limitations applicable to suits by persons injured by violations of the antitrust laws is four years, 15 U.S.C.A. § 15b. The Pennsylvania statute of limitations applicable to causes

of action based on libel and slander, 12 P.S. § 31, is one year.

4. Moore's FEDERAL PRACTICE, 2d Ed., Vol. 6, p. 2261.

5. See plaintiff's brief opposing motion for summary judgment, p. 11. Of course, plaintiff's "inability to obtain counsel" would not toll the running of the statute.

C.J.S. Limitations of Actions § 197, p. 201 [Emphasis supplied.]

In the case of Marshall v. Packard-Bell Company, 106 Cal.App.2d 770, 236 P.2d 201 (Cal.1951), the plaintiff sought to avoid the statute of limitations on the ground that the defendant had threatened to deprive the plaintiff of his exclusive distributorship of defendant's products in the event that plaintiff did not comply with certain demands of defendant. The Court said in rejecting this argument:

> " * * * It is likewise the rule that it does not constitute duress or coercion to threaten to do that which a party has a legal right to do. [Citing cases.]

> "It is conceded in the present case that defendant corporation had the right to terminate its distributorship contract with plaintiff at any time. Therefore when it threatened to do so * * * such threat did not constitute illegal duress." (At p. 204 of 236 P.2d.)

A similar view was taken by the Court in the case of Chatfield v. City of Seattle, 198 Wash. 179, 88 P.2d 582, 121 A.L.R. 1279 (Washington Supreme Court in banc, 1939). In that case the plaintiff sought to avoid the statute of limitations by complaining that the City officers threatened to fire the plaintiffs from their civil service positions. The Court held that "duress" in order to toll the statute of limitations, must be threatened unlawful action, and that no such duress was shown.[6]

Applying the foregoing principles to the case at bar, we conclude that even assuming that some or all of the defendants threatened to attempt to have the plaintiff committed to a mental institution, such threats would not constitute "duress" so as to toll the running of the statute of limitations.

For the above reasons, we find that the statute of limitations does bar the plaintiff's complaint. It is, therefore, unnecessary to decide any other matters herein.

6. See also Miller Motors v. Ford Motor Company, 149 F.Supp. 790 (M.D.N.C.

1957) ; aff'd. 252 F.2d 441 (4thCir. 1958), and 121 A.L.R. 1294 et seq.