[L. A. No. 29051. In Bank. June 16, 1967.]

Estate of EVA BARCLAY TAYLOR, Deceased. HAROLD JAMES DUERDEN, Individually and as Executor, etc., et al., Petitioners and Appellants, v. GENEVIEVE C. COONEY, Individually and as Administratrix With the Will Annexed, etc., Objector and Appellant; ROSEMARY LICK, Objector and Respondent.

K. S. Burns for Petitioners and Appellants.

Norman Elliott as Amicus Curiae on behalf of Petitioners and Appellants.

Richard A. Perkins for Objector and Appellant and for Objector and Respondent.

TRAYNOR, C. J. — Eva Barclay Taylor died testate September 14, 1963. Her will provided that one-third of the residue of her estate should go to Ellen Catherine Glasky if she survived distribution of the estate. If she predeceased distribution, her one-third share was to go in equal shares to

Harold James Duerden and William Henry Duerden, Jr.[1] The will was admitted to probate on November 26, 1963, and letters testamentary were issued to Harold, the executor of the estate, on December 2, 1963. The petition for final distribution was filed March 4, 1965, requesting that one-third of the residue of the estate be distributed to Ellen. Hearing on the petition was set for March 29, 1965. Ellen died March 15, 1965. Harold then filed another petition for final distribution requesting that the one-third share bequeathed to Ellen be distributed to him and William. Objections to the petition were filed by Genevieve C. Cooney, administratrix with the will annexed of Ellen's estate and a legatee under Ellen's will, and by Rosemary Lick, also a legatee under Ellen's will. The court sustained the objections to the petition for final distribution and decreed that Ellen's interest vested in her before her death. The court found that the estate could have been distributed in September of 1964 and should have been distributed before the death of Ellen in March of 1965. It ordered distribution of Ellen's share to Miss Cooney as administratrix of Ellen's estate. It also awarded extraordinary fees to the executor and attorney for the estate. Harold and William Duerden appeal from the part of the order distributing Ellen's share to Miss Cooney. Miss Cooney appeals from the part of the order awarding extraordinary fees.

■ The evidence supports the findings of the trial court. There was evidence that the executor, Harold, knew that Ellen was ill and without funds; that she requested him to expedite proceedings concerning distribution of the estate; that inheritance taxes could have been approximately computed; that there was sufficient cash in the estate to pay any such taxes; and that it was therefore unnecessary to sell many of the securities that were sold. The sales that were made, whether necessary or not, could reasonably have been made at an earlier date, and Harold's attorney testified that many of the securities in the estate could have been distributed without being sold, but that she "didn't think of" this possibility. But for the belated decision to sell securities in the fall of 1964, the estate could easily have been distributed in that

---

[1]The will provides: "In the event the said Ellen Catherine Glasky predeceases me, or predeceases the distribution of my estate, the share of my estate which she would have taken by this Article of my Will but for her death, shall go and be given in equal shares to HAROLD JAMES DUERDEN and WILLIAM HENRY DUERDEN, JR. . . ."

858

year. The trial court was therefore justified in concluding that the overall delay was unreasonable and in finding that the estate should have been distributed before Ellen's death.

 Based on this finding, the court applied the rule that vesting cannot be postponed by unreasonable delay in preparing an estate for distribution and that when there is such delay contingent interests vest at the time distribution should have been made. (See 5 Page, Wills (Bowe-Parker Revision 1962) § 43.11, p. 367.) We have found no case that considers whether this rule is applicable in this state. The Duerdens contend that the rule is inconsistent with Probate Code section 142. That section provides: ''A condition precedent in a will is one which is required to be fulfilled before a particular disposition takes effect. It is to be deemed performed when the testator's intention has been substantially, though not literally, complied with. Nothing vests until such condition is fulfilled, except where fulfillment is impossible. . . .'' The crucial issue under this section is whether a clause requiring survivorship should be interpreted to mean survivorship to distribution or survivorship to the time distribution should have occurred, or, as an alternative, whether survivorship to the earlier date constitutes substantial compliance with the condition. Under either interpretation we believe that unreasonable delay cannot defeat the beneficiary's interest. This conclusion promotes the established policy favoring prompt distribution of estates (see *Estate of Hogemann,* 63 Cal.2d 131, 136 [45 Cal.Rptr. 149, 403 P.2d 405]; *Estate of Toler,* 49 Cal.2d 460, 467, 469 [319 P.2d 337]) and carries out the presumed intent of the testatrix. In the absence of any indication to the contrary a testator contemplates prompt distribution. His intention is substantially complied with if a beneficiary who is alive at the time distribution could and should have occurred is allowed to take under the will.[2] (See Civ. Code, § 3529.)

<hr/>

[2]The same policy reasons that lead us to conclude that the gift to Ellen cannot be defeated by unreasonable delay in distribution compel the conclusion that Probate Code section 1023 does not make void the order distributing Ellen's gift to the administratrix of her estate. The second paragraph of that section provides that: ''In the event any heir, devisee or legatee so dying before distribution is named in any decree of distribution heretofore or hereafter entered, purporting to make distribution to such distributee by name, such decree shall not be deemed void but shall have the same effect as though such distribution had been made to him while living. However, where the share is purportedly distributed to him pursuant to the terms of a will which provides that he shall be

Our conclusion is in accord with the rule followed in England (see, e.g, *Brooke* v. *Lewis* (V.C. 1822) 6 Madd.Ch. 358, 56 Eng.Rep. 1128; *In re Wilkins* (1881) L.R. 18 Ch.Div. 634; *Re Arrowsmith* (1860) 29 L.J.Ch. 774, 778; Note, 142 A.L.R. 136, 148-150) and in other states (see, e.g., *Forman* v. *Brent*, 309 Ky. 735, 739 [218 S.W.2d 655]; *Will of Greene*, 240 Wis. 452, 463-464 [3 N.W.2d 704, 142 A.L.R. 129]; *Biles* v. *Webb*, 118 Ohio St. 346, 355-357 [161 N.E. 49]). *In re Estate of Jennrich*, 197 Minn. 162 [266 N.W. 461, 267 N.W. 143], is not to the contrary, for in sustaining the gift to the alternative beneficiary the court explicitly noted that there was no evidence of dilatory administration by the executor and "nothing in the record indicating that the delay was not entirely in accordance with her [a beneficiary who died before distribution] desires." (*In re Estate of Jennrich, supra*, 197 Minn. at p. 168.)

The Duerdens contend that since Ellen could have petitioned for a preliminary distribution during her life, delay in settling the estate cannot vest title in her. Ellen was under no obligation to petition for preliminary distribution, and there is "no principle which would create a forfeiture because of failure to take such legal action." (*Forman* v. *Brent, supra*, 309 Ky. at p. 739.)

The Duerdens assert that even if the executor, Harold, should not take because of the delay, William should take one-half of Ellen's bequest. This contention is based on the erroneous assumption that the rule vesting Ellen's interest is designed solely to prevent an executor from profiting by his own wrong. Ellen's conditional bequest vested at a time before her death, not because of the executor's wrong, but because that was the time when distribution should have occurred.

We find no merit in the contention that our holding will lead to undesirable uncertainty in the settlement of estates.

entitled to the same only in the event he survives the date of distribution, then such purported distribution as to him shall be void. This paragraph shall not apply in any case where such heir, devisee or legatee dies before the decedent.'' This provision operates to render void distribution to a deceased person only when the gift to him fails because of his death prior to distribution. (See the history of section 1023 in Cont. Ed. Bar, Review of Selected 1955 Code Legislation 169, disclosing the procedural nature of the section.) In the present case, since distribution was unreasonably delayed, the gift to Ellen did not fail; for the same reason *Estate of Jameson*, 93 Cal.App.2d 35, 38-40 [208 P.2d 54]; *Estate of Hampe*, 85 Cal.App.2d 557, 558 [193 P.2d 133]; and *Estate of Clarke*, 103 Cal.App. 243, 246 [284 P. 231], are inapplicable.

By its very nature a clause requiring survivorship to distribution creates uncertainty as to who will take until distribution is effected. Little or no detrimental uncertainty is added by requiring a determination as to when the estate should have been settled in cases that may arise in which a beneficiary dies during extended probate proceedings.

On her cross-appeal Miss Cooney contends that the trial court erred in awarding $1,000 to Harold as executor and $1,000 to his attorneys as extraordinary fees.[3] These awards must be upheld unless they so clearly appear to be out of proportion to the value of the services performed as to establish an abuse of discretion by the trial court. (See, e.g., *Estate of Windiate,* 197 Cal.App.2d 560, 566 [17 Cal. Rptr. 297].) Moreover, delay in settling the estate is not a ground for denying fees otherwise justified by the services rendered. (Cf. *Estate of Roberts,* 27 Cal.2d 70, 76 [162 P.2d 461].) It is undisputed that the executor and his attorney performed extraordinary services as defined in Probate Code section 902, and the record does not establish any abuse of discretion in fixing the fees for such service.

The order is affirmed. Each party shall bear its own costs on appeal.

Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I dissent and would reverse the order insofar as it decreed that Ellen's interest vested before her death and ordered distribution to the administratrix of her estate.

Where a will provides that the interest of a beneficiary is contingent upon his surviving distribution, survivorship is a condition precedent to vesting and the beneficiary's interest fails if he dies prior to the making of an order of distribution. (*Estate of Jameson,* 93 Cal.App.2d 35, 38-40 [1] [208 P.2d 54] [hearing denied by the Supreme Court]; *Estate of Hampe,* 85 Cal.App.2d 557, 558 [1] [193 P.2d 133] [hearing denied by the Supreme Court].)

Section 142 of the Probate Code provides: "A condition precedent in a will is one which is required to be fulfilled before particular disposition takes effect. It is to be deemed performed when the testator's intention has been substantially, though not literally, complied with. *Nothing vests until*

---

[3]In addition, each received statutory commissions of $1,848.47.

*such condition is fulfilled, except where fulfillment is impossible. . . .''* (Italics added.)

In the instant case, fulfillment of the condition was not impossible. Therefore, under the plain language of the statute, vesting had not occurred.

The petition of the petitioners and appellants for a rehearing was denied July 12, 1967, and the opinion was modified to read as printed above.