[Civ. No. 35976. Second Dist., Div. One. Aug. 5, 1970.]

Estate of JOSEPH SCHLEGEL, Deceased.
DEPARTMENT OF MENTAL HYGIENE, Petitioner and Appellant, v.
RUTH V. PREUSS et al., as Co-executors, Objectors and Respondents.

## COUNSEL

Thomas C. Lynch, Attorney General, and Jerold A. Prod, Deputy Attorney General, for Petitioner and Appellant.

Andre & Wood and Richard D. Wood for Objectors and Respondents.

## OPINION

**GUSTAFSON, J.**—Katherine E. Schlegel was on April 12, 1957, declared to be what is now described as "mentally disordered" and committed for placement in a state hospital where she remains today.

Joseph Schlegel, her husband, executed a will June 7, 1957, which provided that all of his estate should go to Katherine E. Schlegel, but if she should "fail to survive the distribution of my estate," all of the property would go equally to his five children. Joseph Schlegel died February 22, 1964.

The executors of Joseph's will are Ruth V. Preuss and Marvin H. Schlegel, two of his children. The property passing by virtue of the will was valued at $13,200.17. Marvin H. Schlegel was made guardian of his mother's estate March 15, 1965, and continues in that capacity.

The Department of Mental Hygiene filed a verified petition for an order directing the executors to terminate the probate of Joseph's estate and to distribute the assets to Katherine's guardian. No evidence, by way of affidavits or otherwise, was offered in opposition to any of the allegations of the petition. The petition was nevertheless denied and the department takes this appeal.

■ The probate of Joseph's estate has lain dormant for years and there is nothing in the record before us to indicate why the estate was not long since closed. If "distribution [to Katherine] could and should have occurred," the condition that she survive distribution of the estate has been satisfied because "unreasonable delay [in distribution] cannot defeat the beneficiary's interest." (*Estate of Taylor* (1967) 66 Cal.2d 855 [59 Cal.Rptr. 437, 428 P.2d 301].) ■ The department is entitled to an order compelling Katherine's guardian to pay for her support out of her estate unless "there is likelihood of the patient's recovery or release from the hospital and payment will reduce [her] estate to such an extent that [she] is likely to become a burden on the community in the event of [her] discharge from the hospital." (Welf. & Inst. Code, § 7279.)

Here no attempt was made to establish the liability, or the extent thereof, of Katherine's guardian to the department. Instead, the department sought to compel distribution from Joseph's estate. ■ While it is not clear from the petition whether preliminary distribution (Prob. Code, § 1000) or final distribution (Prob. Code, § 1020) was sought, in either case the application may be made only by "the executor and administrator, or any heir, devisee or legatee, or the assignee, grantee or successor in interest of any heir, devisee, or legatee." (Prob. Code, § 1000; § 1020 is virtually identical.) The department is none of these. The department is at most a potential creditor of a devisee.

We affirm the order denying the department's petition for distribution on the ground that the department was not authorized to make the application.

Wood, P. J., and Lillie, J., concurred.