CALIFORNIA TRUST COMPANY and Hunt Stromberg, Executors of the Estate of Katherine Stromberg, deceased, Plaintiffs,

v.

Robert A. RIDDELL, Director of Internal Revenue and formerly Collector of Internal Revenue for the Sixth District of California, Defendant.

No. 16183.

United States District Court
S. D. California, Central Division.

Dec. 1, 1955.

Supplemental Opinion Dec. 14, 1955.

Wright, Wright, Green & Wright, Los Angeles, Cal., for plaintiffs.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

Katherine and Hunt Stromberg were wife and husband and, at the time of the death of Katherine Stromberg on March 15, 1951, were residents of the County of Los Angeles, State of California. During their marriage the husband, Hunt Stromberg, purchased certain life insurance and annuity policies. The policies were selected by Hunt Stromberg and purchased by him from earnings received for personal services. He retained possession of the policies and had the right to change the beneficiary at will.

Upon the death of Katherine Stromberg her will was admitted to probate, and the California Trust Company and Hunt Stromberg were appointed executors. The executors filed a Federal Estate Tax Return, disclosing a tax liability of $17,017.58. The executors did not list in the assets of the estate any interest of decedent in the aforementioned policies.

In April, 1953, plaintiffs received notice from defendant that additional estate taxes in the amount of $47,271.50 were due as, according to the Internal Revenue Department, the executors should have listed for estate tax purposes one-half of the cash surrender value of the insurance policies. The amount demanded was paid. A claim was duly filed for refund of the claimed overpayment, and subsequently this suit was filed.

Two problems are presented to the Court:

1. Did decedent, Katherine Stromberg, have an interest in the life insur-

ance and annuity policies referred to above which interest should have been included in decedent's gross estate for estate tax purposes?

2. Was the estate of Katherine Stromberg, in computing the estate tax, entitled to a marital deduction for any portion of the property passing to her surviving spouse?

According to the stipulation of facts on file in this action, Mr. and Mrs. Stromberg at all material times were residents of the State of California, and the policies in question were purchased and paid for from earnings of Mr. Stromberg received by him for personal services.

It seems hardly necessary to cite cases to the effect that in California (a community property state) the earnings of the husband during the marriage are community property—California Civil Code § 164; Thorpe v. Thorpe, 75 Cal. App.2d 605, 171 P.2d 126; Sbarbaro v. Rosa, 48 Cal.App.2d 584, 120 P.2d 151—and that property purchased from such earnings is also community. The earnings of Hunt Stromberg for personal services rendered were community funds, and as a consequence this Court must find that the insurance policies purchased with such funds were community property. Union Mutual Life Insurance Company v. Broderick, 196 Cal. 497, 238 P. 1034.

In the State of California a wife has a one-half undivided interest in community property. It is true the husband retains possession and control of community personal property, California Civil Code § 172; but the husband cannot devise the wife's interest in community property, either real or personal, California Probate Code §§ 201, 201.5. She has such an interest in community property that it is possible for her to will away her portion thereof and thus, at her death, cause a division of the community estate. Probate Code § 202. The fact that the policies in question were retained by the husband and that he had a right to change beneficiaries at will does not mean he could deprive the wife of her community interest therein without her consent. Inasmuch as Katherine Stromberg had a community interest in the policies at the time of her death, it will be the finding of this Court that the Commissioner of Internal Revenue was correct when he determined there should have been included in the gross estate of Katherine Stromberg, deceased, an undivided one-half interest in the cash surrender value of the policies in question.

The second problem presents a more serious question. Although marital deduction was a part of the Revenue Act of 1948, 26 U.S.C.A. § 812(e) (1), the Court has been able to find only one case in which a Circuit Court has had occasion to pass upon "marital deduction." Kasper v. Kellar, 8 Cir., 217 F.2d 744.

According to the brief filed by plaintiffs in the case at bar, "the purpose of the marital deduction statute was to equalize the Estate Tax burden between community and separate property states." Prior to 1948 there had been considerable agitation throughout the country relative to discrimination in favor of residents of community property states who were able to divide the community income, filing separate tax returns based upon one-half of the community income to bring themselves within a lower surtax bracket. This privilege was not accorded to residents of non-community-property states and was recognized as unjust, for taxpayers should be treated indiscriminately, wherever resident; and we agree with the statement in plaintiff's brief to the effect that the marital deduction statute was to equalize in effect the tax burden between community and separate property states.

In community property states which allocate an undivided one-half interest in the community property there is no necessity for a marital deduction. In non-community-property states in which the wife does not have an undivided one-half interest in property there was a necessity for the marital deduction; so

it seems to this Court from reading the very statute in question that the marital deduction does not apply to community property. It applies only to separate property. If the rule were otherwise, in California the wife would be entitled to her one-half undivided interest in community property and then, if the executors were also entitled to a marital deduction, that deduction would be placed upon the exemptions of community property, and the injustice which existed prior to 1948 would continue to exist, even now. Certainly it was not the intent of Congress in passing the new law to continue in effect the injustice which they were trying to rectify by the Act of 1948. A reading of the statute in question certainly leads the Court to the conclusion that if Congress was trying to equalize the estate tax burdens between community and non-community-property states, it would not allow a marital deduction on community property.

Regulations 105 covering Estate and Gift Taxes, § 81.47a, provide in effect that the marital deduction is generally not available in the event decedent's gross estate consists exclusively of property held by him and his surviving spouse as community property.

Concerning whether or not the insurance policies in question are community property, this Court holds they are.

■ Concerning whether or not plaintiffs are entitled to a marital deduction, this Court holds that as to the insurance policies plaintiffs are not entitled to such marital deduction.

However, if it should appear that there was separate property in the estate of Katherine Stromberg, then it is possible the estate would be entitled to a marital deduction, but that problem is not now before us.

Judgment is ordered in favor of defendant. Findings of Fact, Conclusions of Law and Judgment are to be prepared by defendant for presentation to the Court for signature on or before December 12, 1955.

Supplemental Opinion.

This case was submitted to the Court upon a written stipulation of facts, from which stipulation the Court was of the opinion that only two questions were before it for decision:

1. Were the insurance policies in controversy community property; and

2. Were plaintiffs entitled to a marital deduction as to such community property?

In the opinion filed in this case on December 1, 1955, the Court held the insurance policies in question were community property but the marital deduction statute did not apply to community property. The opinion also stated that if it should appear there was separate property in the estate of Katherine Stromberg, deceased, then the estate would possibly be entitled to a marital deduction.

The case was reopened after filing of the opinion of December 1st, for the purpose of allowing plaintiffs to present additional evidence, which evidence now indicates that the estate consisted not only of community property but also of separate property of decedent.

■ It is agreed by the parties hereto that the marital deduction provision of the 1948 Internal Revenue Act was inserted for the purpose of equalizing tax burdens between community and non-community property states. To hold that a marital deduction does not apply to community property does not necessarily mean that one is not entitled to a marital deduction if there is separate as well as community property in the estate. To say that a marital deduction applies only if the estate consisted of separate property and does not apply if the estate consisted of both community and separate property would certainly be contrary to the intent of Congress. Consequently, we are of the opinion that a marital deduction is applicable in an estate in which there is separate property, even though that estate might also contain community property.

The last will and testament of decedent, Katherine Stromberg, contained the following provision:

"I give, devise and bequeath my entire estate * * * unto my husband, Hunt Stromberg. Should he predecease me or fail to survive distribution of my estate, I give, devise and bequeath my entire estate to my son, Hunt Stromberg, Jr."

The estate was distributed within the statutory period. The Decree of Distribution distributed the entire estate to Hunt Stromberg, husband of decedent, and no mention was made therein as to that provision of the will which recited that the property should go to Hunt Stromberg, Jr., the son, in the event the husband failed to survive distribution.

In the hearing at bar plaintiffs objected to introduction into evidence of a certified copy of the last will and testament of decedent, upon the theory that the Decree of Distribution controlled in California and not the will's provisions and even though the will provided the husband was not to succeed to the estate if he did not survive its distribution that was of no moment, because distribution was actually made to the husband. Plaintiffs cite to the Court many authorities to the effect that the controlling factor in California is the Decree of Distribution of the Probate Court.

We find no fault with the position taken by plaintiffs nor with the decisions of the California courts, but this action arises under the Federal taxing statutes. As heretofore pointed out, the marital deduction provision was inserted in the Revenue Act of 1948 for the purpose of equalizing taxes between residents of community and non-community property states. In other words, it was the intent of Congress that there should be a uniform rule applicable in all states. The question of uniformity of the taxing authority has been passed upon often by the Supreme Court, and it has held on many occasions that the Federal Acts applied and not the laws of the local jurisdiction.

In Burnet v. Harmel, 287 U.S. 103, at page 110, 53 S.Ct. 74, at page 77, 77 L.Ed. 199, in passing upon the question of payment of oil and gas lease bonuses under Texas law, the Supreme Court said:

"Here we are concerned only with the meaning and application of a statute enacted by Congress, in the exercise of its plenary power under the Constitution, to tax income. The exertion of that power is not subject to state control. It is the will of Congress which controls, and the expression of its will in legislation, in the absence of language evidencing a different purpose, is to be interpreted so as to give a uniform application to a nation-wide scheme of taxation."

Again, in Lyeth v. Hoey, 305 U.S. 188, at page 193, 59 S.Ct. 155, at page 158 83 L.Ed. 119, the Supreme Court said:

"In the instant case, the Court of Appeals applied the Massachusetts rule, holding that whether the property was received by way of inheritance depended 'upon the law of the jurisdiction under which this taxpayer received it' * * *. We think that this ruling was erroneous. The question as to the construction of the exemption in the federal statute is not determined by local law."

In Morgan v. Commissioner, 309 U.S. 78, at page 80, 626, 60 S.Ct. 424, at page 426, 84 L.Ed. 585, 1035, the Supreme Court, said:

"State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed."

In Estate of Rogers v. Commissioner, 320 U.S. 410, at page 414, 64 S.Ct. 172, at page 174, 88 L.Ed. 134, again speaking upon this most important question, the Supreme Court said:

"Whether by a testamentary exercise of a general power of appointment property passed under § 302 (f) is a question of federal law.

once state law has made clear, as it has here, that the appointment had legal validity and brought into being new interests in property. * * * Were it not so, federal tax legislation would be the victim of conflicting state decisions on matters relating to local concerns and quite unrelated to the single uniform purpose of federal taxation."

■ From the foregoing, we are of the opinion that the Federal government is not restricted to the rule as established in California relative to the Decree of Distribution but, in determining tax liability, may refer to the provisions of the will. The problem is, then, whether under the language of the will plaintiff is entitled to a marital deduction as to separate property of the estate.

As pointed out in our prior opinion, there is only one case decided by the Circuit Court which has any bearing on this matter—Kasper v. Kellar, 8 Cir., 217 F.2d 744, 746. In that case the will provided that distribution was to be made to the devisees " 'If living at the time of the distribution of my estate' ". The evidence showed that the administration of the estate had been consummated and distribution of its assets made within six months after decedent's death, and that the widow was living at the time. The district court took the view that the occurring of the events and the removal of the contingencies within the period of six months after decedent's death were sufficient under the statute to establish the right to the marital deduction. However, the Circuit Court disagreed and said, at page 746, [quoting the Commissioner's letter to the estate]:

" 'The fact that distribution actually took place within the six months' period is immaterial since subsection (D) applies only if on the date of the decedent's death it is certain that the surviving spouse's interests will become absolute if she survives such six-months' period. As of the date of the decedent's death there was no certainty that within the 'six-months' period the spouse's interests would become absolute inasmuch as it was possible that distribution might not have been made within six months of death.'

"There can be no question as to the right of Congress to make any contingency, legal or testamentary, to which the transmitting of a decedent's property is subject, the basis of a difference in estate-tax liability. Such a contingency, therefore, can as properly be made to consist of an existing legal possibility as of an existing fact condition. Whatever the selected contingency may be, it necessarily may be made admeasurable for tax purposes as of the time of the decedent's death. [Citing cases.] And when the contingency is so admeasurable and then exists, whether it has been made one of legal possibility or of fact certainty, it will not alter the situation that the contingency has thereafter ceased to exist, even though this occurs before the estate tax itself is payable."

From the above it can be ascertained that the Circuit Court (Eighth Circuit) sustains the Commissioner in holding that if the will contains a provision to the effect that the devisee must be alive at the time of distribution of the estate, the estate is not entitled to a marital deduction.

■ We agree with the decision of the Commissioner in the estate at bar and hold that under the facts of this case plaintiffs are not entitled to the marital deduction as claimed.

Findings of fact, conclusions of law and judgment are to be prepared for presentation to the Court for signature on or before December 28, 1955.