*Decision will be entered under Rule 50.*

ESTATE OF ALLEN CLYDE STREET, ALSO KNOWN AS CLYDE STREET, DECEASED, LOTTIE JANE STREET, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51267. Filed December 30, 1955.

*W. W. Wallace, Esq.*, for the petitioner.
*Arthur Clark, Jr., Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* The Commissioner refused to allow the marital deduction in petitioner estate and determined a deficiency in estate tax in the sum of $25,275.34.

Lottie Jane Street, executrix of the Estate of Allen Clyde Street, and deceased's widow, filed an estate tax return with the collector of internal revenue for the sixth collection district of California. In this return the executrix took a marital deduction, stating therein "Decedent by his Last Will devised all of his estate to his wife, Lottie Jane Street." The facts are all stipulated and are found accordingly. The parties are agreed the only issue concerns the marital deduction claimed in the estate tax return.

The first paragraph of the will of Allen Clyde Street appoints his wife executrix, and the next two provide, as follows:

SECOND: All the property which I possess or to which my estate may become entitled, I give, devise and bequeath to my beloved wife, LOTTIE JANE STREET.

THIRD: In the event that my wife, LOTTIE JANE STREET, predeceases me, or predecease [*sic*] distribution to her, then I give, devise, and bequeath to my niece MARJORIE STREET, daughter of my brother FAY STREET, the following:

Then follow a number of paragraphs disposing of specific property to named persons, some of them containing further disposition directions in the event the first named persons "predecease distribution to them."

The will was admitted to probate in the Superior Court of the State of California, in and for the County of Los Angeles, on September 13, 1949. Lottie Jane Street did survive her husband, and distribution of his estate. She was appointed executrix and the probate court entered a final decree of distribution to her of the assets of the estate on March 30, 1951.

Section 812 (e) (1) (A) of the 1939 Code provides for a deduction from the value of the gross estate of a decedent for estate tax purposes "An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse * * *." However, the next subsection, (B), makes the foregoing deduction inapplicable when the interest passing to the spouse is terminable, the subsection stating, in part:

(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

Subsection (D) states certain exceptions to the operation of subsection (B) quoted above. The material portion of subsection (D) is as follows:

(D) Interest of Spouse Conditional on Survival for Limited Period.—For the purposes of subparagraph (B) an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail upon the death of such spouse if—

(i) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding six months after the decedent's death, or only if it ocurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and

(ii) such termination or failure does not in fact occur.

The argument of respondent is that the interest taken by the widow under the will is a terminable interest within the provisions of section 812 (e) (1) (B) for she had to survive for an undetermined period— until distribution—in order to take. He argues section 812 (e) (1) (D) does not apply here for the condition (her death) that could cause her interest to terminate was not of such a nature that it could only occur within 6 months following decedent's death.

The identical question presented here was decided favorably to the Commissioner in *Kasper* v. *Kellar*, 217 F. 2d 744 (1955). There the widow's share in the residuary estate was bequeathed to other named persons "if * * * my wife * * * dies prior to the distribution of my estate * * *." The widow survived and distribution to her actually occurred within 6 months after the decedent's death. The opinion holds the provision of the will deprived the estate of the marital deduction for there was no certainty that the spouse's interest would become absolute within 6 months of decedent's death, as required by the statute. The opinion states:

There can be no question as to the right of Congress to make any contingency, legal or testamentary, to which the transmitting of a decedent's property is subject, the basis of a difference in estate-tax liability. Such a contingency, therefore, can as properly be made to consist of an existing legal possibility as of an existing fact condition. Whatever the selected contingency may be, it necessarily may be made admeasurable for tax purposes as of the time of the decedent's death. See Ithaca Trust Co. v. United States, 279 U. S. 151, 155, 49 S. Ct. 291, 73 L. Ed. 647. And when the contingency is so admeasurable and then exists, whether it has been made one of legal possibility or of fact certainty, it will not alter the situation that the contingency has thereafter ceased to exist, even though this occurs before the estate tax itself is payable.

Petitioner makes a general argument to the effect that under the will decedent gave all of his property to his wife and she received it under ordinary probate proceedings, and nothing more is required for a marital deduction. He does not argue the invalidity of the clauses making provision for disposition in the event of the wife's death before distribution, or that they might be void for repugnancy

in view of the earlier clause making an apparently unqualified devise and bequest of all of his property to his wife. That there is a split of authority on this question, see note in 142 A. L. R. 136. However, *In re Hampe's Estate*, 85 Cal. App. 2d 557, 193 P. 2d 133, indicates the California courts would uphold the validity of such a clause making a gift over if the first named legatee should die prior to distribution.

Petitioner makes some argument that the decree of distribution of March 1951 operates as an interpretation of the will binding upon the Commissioner. The decree recites: "that in pursuance of and according to the provisions of the last will * * * [all property] is hereby distributed to Lottie Jane Street, widow of said decedent." Petitioner argues the above operates as an interpretation of the will, construing it to give all of decedent's property to the widow. It is not an interpretation of the will. It is merely an order carrying out the second paragraph, which all would concede is the only paragraph applicable if the widow is alive at the time of distribution.

Upon the authority of *Kasper* v. *Kellar*, *supra*, we hold for the Commissioner.

*Decision will be entered under Rule 50.*