Helen **MARTINSON**, Executrix of Estate of Herbert J. Martinson, Deceased, Plaintiff,

v.

Calvin E. **WRIGHT**, District Director of Internal Revenue Service, Defendant.

No. 2169.

United States District Court
D. Idaho,
Central Division.

Oct. 15, 1959.

Felton & Bielenberg, Moscow, Idaho, for plaintiff.

Ben Peterson, U. S. Atty., Boise, Idaho, by J. J. Kilgariff, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

FRED M. TAYLOR, District Judge.

The plaintiff, as Executrix of the Estate of Herbert J. Martinson, is seeking to recover the sum of $20,453.49, together with interest thereon, assessed and collected as Federal Estate Taxes from the Estate of Herbert J. Martinson.

Herbert J. Martinson, a resident of Latah County, Idaho, died on February 3, 1954, leaving a last will and testament which was admitted to probate in the Probate Court of said County and State. Plaintiff, the wife of deceased, was appointed as Executrix of said will.

A Federal Estate Tax return was filed in behalf of the decedent's estate in which a marital deduction of $119,698.39 was claimed. The District Director of Internal Revenue determined that the said estate was not entitled to the claimed marital deduction under the provisions of § 812(e) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(e) as amended, and disallowed the same. A deficiency, together with statutory interest thereon, in the total amount of $20,453.49 was assessed against the testator's estate, and was paid by the Executrix. A claim for refund was made and

filed by the Executrix and after a denial thereof, this action was commenced.

On June 8, 1959, this action came on for hearing on plaintiff's motion for summary judgment at which time it was agreed that in the event the motion for summary judgment was denied the matter was to be considered on the record as made. The Court has considered the matter on the record submitted and not on the motion for summary judgment.

The claim for the marital deduction was denied by the defendant on the ground that under the provisions of § 812(e) (1) (B) (D), I.R.C.1939, as amended, the interest taken by testator's wife under the terms of the will was a "terminable interest" and as such not qualified for the marital deduction as provided under § 812(e) (1) (A).

The relevant provisions of the testator's will provide:

"I give devise and bequeath to my beloved wife Helen all of the rest and remainder of my property, both real, personal or of any other type whatsoever, including both separate and community property.

"In the event my wife Helen and myself should die in the same common accident or disaster, or in the event Helen should die prior to the distribution of my estate, then and in that event I leave all of my property of every kind and nature to my son, Henry Michael Martinson."

The parties seem to agree that the construction given the statute in question in the case of Kasper v. Kellar, 8 Cir., 217 F.2d 744, correctly states the law. In that case the court stated at page 745:

"Section 812(e) (1) (A) of the Internal Revenue Code, 26 U.S.C.A., in effect in 1950, the time here involved, provides for a 'marital deduction', from the value of the gross estate of a decedent, for estate tax purposes, of 'An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse.'

"Subparagraph (B) thereof, however, makes the deduction inapplicable in general to life estates or other terminable interests passing to the surviving spouse. But Subparagraph (D) in turn removes or excepts from the operation of Subparagraph (B), and so leaves subject to the deduction, any interest passing to and terminable upon the death of the surviving spouse as to which 'such [surviving spouse's] death will cause a termination or failure of such interest only if it occurs within a period not exceeding six months after the decedent's death, * * * and * * * such termination or failure does not in fact occur.'"

On page 746, it is stated:

"The statute is correctly read, we think, in Treasury Regulations 105, sec. 81.47b(d), when it says: 'Where the only condition which will cause the interest taken by the surviving spouse to terminate is of such nature that it can occur only within 6 months following the decedent's death, the exception provided under section 812(e) (1) (D), will apply, provided the condition does not in fact occur. However, where such condition * * * is one which may occur either within such 6-month period or thereafter, the exception provided under section 812(e) (1) (D) will not apply.' See also Sen.Rep. No. 1013, Part 2 80th Cong. 2d Sess., pp. 2, 7–8, 15–16."

See also *California Trust Co. v. Riddell*, D.C., 136 F.Supp. 7; *Smith v. United States*, D.C., 158 F.Supp. 344; and cf. *Shedd's Estate v. Commissioner of Internal Revenue*, 9 Cir., 237 F.2d 345.

■ The decree of the Probate Court of Latah County, made and entered in the Estate of Herbert J. Martinson, deceased, judicially determined that the property in question vested in the decedent's surviving wife (plaintiff here) absolutely and indefeasibly at the time of the death of said Herbert J. Martinson.

It is the opinion of this Court that said determination is conclusive and binding in the determination here of what interest was taken by testator's wife on the death of her husband.

 In Idaho, the probate courts have exclusive, original jurisdiction in the settlement of estates of deceased persons and it is within the jurisdiction of these courts to determine who are the heirs of a deceased person and who is entitled to succeed to the estate and their respective shares and interests therein. Miller v. Mitcham, 21 Idaho 741, 123 P. 941.

The finality and effect to be given state court judgments or decrees determining property rights subsequently involved in Federal Tax cases have been considered in a large number of cases. It is stated in Mertens—Law of Federal Income Taxation, Vol. 10, Chap. 61, p. 4, § 61.03:

> "* * * If a state judgment or decree constitutes an authoritative adjudication, in an adversary proceeding, of the specific proprietary interest resulting from a given set of facts, it is not necessary for the Federal courts or the Tax Court independently to survey the state statutes and rules of decision to ascertain the same conclusion. In cases of this sort the state judgment must be given conclusive effect in ·determining Federal tax liability, not because it is res judicata against the United States, but because it is conclusive of the taxpayer's property rights which can alone be taxed. * * * *"

See generally on this subject Mertens, Law of Federal Income Taxation, Vol. 10, § 61.03, and authorities cited therein; and in the Ninth Circuit see Henricksen v. Baker-Boyer National Bank, 9 Cir., 139 F.2d 877; Estate of Rainger v. C. I. R., 12 T.C. 483, affirmed per curiam 9 Cir., 183 F.2d 587; Newman v. Commissioner of Internal Revenue, 9 Cir., 222 F.2d 131; Wolfsen v. Smyth, 9 Cir., 223 F.2d 111.

The only case that has been cited or found that deals with the precise question presented here is Steele v. United States, D.C.Mont., 146 F.Supp. 316. In the Steele case it was held that the adjudication by the State Court of Montana determining that a testamentary gift to the surviving wife to be unconditional was conclusive as to that question. It does not appear that the question presented in the Steele case is distinguishable to the one presented here. The reasoning and authorities assigned by Chief Judge Pray in the Steele case are equally applicable here.

Since this Court has concluded that it is bound by the adjudication made by the Probate Court of Latah County, it is unnecessary to consider what determination this Court might make as to the nature of the interest taken by the wife under the terms of the will in the absence of such adjudication.

In accordance with the foregoing this Court is of the opinion that as determined by the Probate Court of Latah County, the interest taken by the testator's widow was not a "terminable interest". The claimed marital deduction should have been allowed and plaintiff is entitled to recover the sum of $20,453.-49, together with statutory interest thereon from August 6, 1958, to date of judgment.

Counsel for the plaintiff shall prepare Findings of Fact, Conclusions of Law, a Proposed Judgment, serve copies of the same on counsel for the plaintiff and submit the originals to the Court.