Murray H. ROBERTS, as Executor of the Estate of Robert W. Stellar, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 754–59 T.

United States District Court
S. D. California,
Central Division.

April 15, 1960.

958

Robert Sikes, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty. for the S. D. of California, by Edward R. McHale, Asst. U. S. Atty., Chief, Tax Division, and Lillian W. Stanley, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

TOLIN, District Judge.

This is a suit to recover federal estate taxes allegedly wrongfully assessed. Plaintiff is the executor of the estate of Robert W. Stellar, deceased, and is suing on behalf of the estate. Plaintiff filed a federal estate tax return in which he claimed a marital deduction for a one-half interest which passed to the decedent's wife. The return showed no estate taxes owing. The Internal Revenue Service disallowed the claimed deduction and assessed a deficiency of $5,032.50. Plaintiff paid the assessment and has brought this action for a refund.

The Government's position in disallowing the deduction is based on its contention that the interest passed to decedent's wife was a "terminable interest" which does not qualify for the marital deduction. The executor, on the other hand, argues that the wife's share of the estate was a vested interest, and that the deduction was available.

The testator having died prior to the effective date of the 1954 Internal Revenue Code, the provisions of the 1939 Code govern the taxability of the estate. The marital deduction was authorized by § 812(e) of that Code, 26 U.S.C.A. § 812 (e). Generally, it exempts from taxation the interest passing to a surviving spouse, the amount of the deduction being limited to 50% of the value of the adjusted gross estate.

The deduction is not available, however, when the spouse's interest is "terminable", i. e., subject to failure upon a contingency. Int.Rev.Code of 1939, § 812 (e) (1) (B). Like most tax statutes, this section is elaborate and as it contains many exceptions not pertinent here, need not be here set forth in full.

If the wife's interest was conditioned upon her surviving distribution of her husband's estate, the interest was terminable and the marital deduction should be disallowed.[1]

The will must, therefore, be examined to determine whether the wife's interest was vested or contingent upon her survival. The pertinent provisions of the will follow.

> Fifth: If at the time of my death, my wife, Shirley Lou Stellar, is living and cohabiting with me as my wife, then I give, devise and bequeath to her one half of my estate, real, personal and/or mixed, and wheresoever situated.
>
> If, however, at the time of my death, my wife, Shirley Lou Stellar,

1. California Trust Co. v. Riddell, D.C.S.D.Cal.1955, 136 F.Supp. 7; Estate of Allen Clyde Street, 1955, 25 T.C. 673.

is not living and cohabiting with me as my wife, then I devise and bequeath to her the sum of One Dollar ($1.00), and the one half portion of my estate which she would have taken shall lapse and fail.

Sixth: I direct that in the event my wife, Shirley Lou Stellar, should predecease me or die prior to the distribution of my estate, or our deaths should occur simultaneously, then in that event I give, devise and bequeath the sum of Ten Thousand Dollars ($10,000.00) [in trust to the son of testator's wife].

The will goes on to make a residual bequest to the brother and the sons of the testator.

The quoted provisions "Fifth" and "Sixth" are independent each of the other. "Fifth" operates to vest an estate upon the death of the testator. "Sixth" is a conditional bequest, to a different conditional legatee, and does not in any way import a conditional aspect to the definite character of "Fifth".

The Government contends that logic supports speculation that decedent would have intended to provide for his stepson only in the event that the boy's mother took nothing under the will. If the mother, however, took one-half of the estate, the Government argues that decedent could reasonably expect her to take care of her own son. The problem with this line of thought lies in the fact that it is based upon speculation regarding general social behavior and not upon the express terms of the will.

It is true that the intention of the testator is the cardinal principle to be applied in construing a will.[2] However, this is only the intention of the testator *as expressed in the will.*[3]

It appears that there is room for construction only in cases where there is no clear meaning to the language used in the will. The intent of the testator is derived from the language he employed and, when that is clear, the court may not speculate on what he might have intended to say or do.[4]

Because the will clearly stated the bequest referred to in "Fifth" thereof, the estate was entitled to the marital deduction with respect to that bequest. Judgment, therefore, is ordered for the plaintiff as prayed, plaintiff to submit findings of fact, conclusions of law and judgment pursuant to the local rule.

2. Cal.Prob.Code § 101.

3. Estate of Lawrence, 1941, 17 Cal.2d 1, 6, 108 P.2d 893.

4. Sears v. Rule, 1941, 45 Cal.App.2d 374, 379, 114 P.2d 57; Estate of Bourns, 1938, 25 Cal.App.2d 590, 78 P.2d 193; Estate of Clarke, 1930, 103 Cal.App. 243, 245, 284 P. 231.

A related if not identical proposition is embodied in Cal.Prob.Code § 104:
"A clear and distinct devise or bequest can not be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will * * *."