Anna FARRELL, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 421-61.

United States District Court
S. D. California,
Central Division.

Oct. 11, 1961.

Harold E. Prudhon, Los Angeles, Cal., for plaintiff.

Francis C. Whelan, U. S. Atty., Robert H. Wyshak, Asst. U. S. Atty., Chief, Tax Division, Lillian W. Wyshak, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The above entitled cause heretofore tried, argued and submitted is now decided as follows:

Upon the grounds stated in the Comment to follow, judgment will be for the defendant that the plaintiff take nothing by her action.

Costs to the Government.

Comment

In this action the plaintiff seeks to recover $9,357.76 federal estate taxes alleged to have been collected wrongfully. The question is whether the plaintiff was entitled to the marital deduction authorized by § 2056(b) of the Internal Revenue Code of 1954. (26 U.S.C.A. § 2056 (b).)

The last will and testament of the plaintiff's husband contained the following paragraphs:

"*Second*: I hereby declare that I am married, and that my wife's name is Anna Farrell, and that I have no children.

"*Third*: I give, devise and bequeath all of my estate, of every kind and nature, whether real, personal or mixed, and wheresoever situate, to my wife, Anna Farrell.

"*Fourth*: Should my wife, Anna Farrell, fail to survive distribution of my estate, then and in that event I give, devise and bequeath all of my right, title and interest in and to Lots 86, 87, 130 and 131 of Sunnyside Park, in the City of Los Angeles, County of Los Angeles, State

of California, as per Map recorded in Book 6, Page 80 of Maps in the Office of the County Recorder of said County to Marianne Farrell Heydorff, Joanne Farrell Illig, Lucille Sherwood Cline and Chester Sherwood, share and share alike.

"Should any of said persons fail to survive distribution of my estate, then and in that event the devise to such deceased person or persons shall go and be distributed to the then living children of such deceased person or persons, share and share alike.

"*Fifth*: Should my wife, Anna Farrell, fail to survive distribution of my estate, then and in that event I give, devise and bequeath all of the rest, residue and remainder of my estate, both real and personal, and wheresoever situated to my sister-in-law, Mary Eisenberg, and to her children, Bernice Jennings, Ruth Hartstein, and James Alvin Eisenberg, share and share alike."

The law on the subject was succinctly stated by the late Judge Ernest A. Tolin in Roberts v. United States, D.C.1960, 182 F.Supp. 957, 958:

"If the wife's interest was conditioned upon her surviving distribution of her husband's estate, the interest was terminable and the marital deduction should be disallowed." 182 F.Supp. at page 958.

This is a correct interpretation of § 812 (e) of the Internal Revenue Code of 1939, which was identical, in the main, with § 2056(b) of the Internal Revenue Code of 1954. (26 U.S.C.A. § 2056(b).)

While in the case before Judge Tolin he construed the will as devising a vested interest, the clauses in the will before us are so correlated that Clauses Four and Five are as effective in limiting the estate granted by Clause Three as *if they were contained in the same* Clause. See, California Trust Company v. Riddell, D.C. Cal.1955, 136 F.Supp. 7; Estate of Allen Clyde Street, 1955, 25 T.C. 673; Kasper v. Kellar, 8 Cir., 1954, 217 F.2d 744, 746–

748; Estate of Edward A. Cunha **v.** Commissioner of Internal Revenue, 9 Cir., 1960, 279 F.2d 292, 296–298; Estate of Sbicca, 1960, 35 T.C. 96.

The contrary contention of the plaintiff that because the vesting Clause, Third, *is separate and apart* from the modifying Clauses, Fourth and Fifth, lacks reality. The determining factor is whether the modifying clauses so distinctly alter the vesting clause that they cannot be separated. Such was the situation in Estate of Allen Clyde Street, supra. There the vesting clauses read:

"Second: All the property which I possess or to which my estate may become entitled, I give, devise and bequeath to my beloved wife, Lottie Jane Street.

"Third: In the event that my wife, Lottie Jane Street, predeceases me, or predecease [sic] distribution to her, then I give, devise, and bequeath to my niece Marjorie Street, daughter of my brother Fay Street, the following:" 25 T.C. at page 674.

The Tax Court, on the basis of Kasper v. Kellar, supra, sustained the Commissioner who had refused to allow the wife's marital deduction. Since the Tax Court rendered that decision, the Court of Appeals for the Ninth Circuit in Estate of Edward A. Cunha v. Commissioner of Internal Revenue, supra, has also adopted the reasoning in Kasper v. Kellar, supra, and has declared categorically that

"a terminable interest in the estate assets" (279 F.2d at page 299)

does not entitle the widow to a marital deduction.

Hence the ruling above made.

*The Findings and Judgment containing additional facts are attached as Appendix "A".*

### Appendix "A"

### Findings of Fact

### I

The Court has jurisdiction of the parties and of this action pursuant to § 1346 (a) (1) of Title 28 of United States Code.

## II

Plaintiff, Anna Farrell, is a citizen of the United States and resides within the Southern District of California.

## III

Harold E. Prudhon at all pertinent times was the duly qualified and acting executor of the Estate of Thomas S. Farrell who died on August 23, 1956, while a resident of the County of Los Angeles, State of California.

## IV

The Will of Thomas S. Farrell provided as follows:

"*Third*: I give, devise and bequeath all of my estate, of every kind and nature, whether real, personal or mixed, and wheresoever situate, to my wife, Anna Farrell.

"*Fourth*: Should my wife, Anna Farrell, fail to survive distribution of my estate, then and in that event I give, devise and bequeath all of my right, title and interest in and to Lots 86, 87, 130 and 131 of Sunnyside Park, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 6, Page 80 of Maps in the office of the County Recorder of said County to Marianne Farrell Heydorff, Joanne Farrell Illig, Lucille Sherwood Cline and Chester Sherwood, share and share alike.

"Should any of said persons fail to survive distribution of my estate, then and in that event the devise to such deceased person or persons shall go and be distributed to the then living children of such deceased person or persons, share and share alike.

"*Fifth*: Should my wife, Anna Farrell, fail to survive distribution of my estate, then and in that event I give, devise and bequeath all of the rest, residue and remainder of my estate, both real and personal, and wheresoever situated to my sister-in-law Mary Eisenberg, and to her children, Bernice Jennings, Ruth Hartstein, and James Alvin Eisenberg, share and share alike."

## V

On April 3, 1957, Harold E. Prudhon, as such executor, filed his estate tax return in the office of the District Director of Internal Revenue at Los Angeles, California, said return showing a total gross estate of $184,170.82; that therewith and on said date the said plaintiff paid to the defendant, United States of America, the sum of $2,264.03 as a tentative estate tax in said matter.

## VI

On or about June 7, 1957, an order for distribution for the entire estate of said Thomas S. Farrell was made, pursuant to which the estate was distributed to the plaintiff.

## VII

On or about May 21, 1959, the said plaintiff as transferee and distributee of the estate of Thomas S. Farrell paid to the said defendant, United States of America, an additional $9,357.76, consisting of $8,585.10 estate tax and $772.66 interest.

## VIII

At the time of filing the said estate tax return, the plaintiff claimed therein a marital deduction in the amount of $94,532.85, which marital deduction was disallowed by the defendant.

## IX

Under the provisions of the decedent's will the bequest of all of decedent's property to Anna Farrell, his widow, would have failed if she had died before distribution.

## X

The interest which went to plaintiff, Anna Farrell, the decedent's widow, under the terms of the said will was a terminable interest within the meaning of § 2056(b) of the Internal Revenue Code of 1954.

## XI

Plaintiff has not sustained her burden of proving that she is entitled to a refund.

## XII

Every conclusion of law which is deemed to be a finding of fact is hereby incorporated as a finding of fact.

### Conclusions of Law

## I

The Court has jurisdiction over the subject matter of, and the parties to, the action herein.

## II

Under the provisions of the decedent's will the bequest of all of decedent's property to Anna Farrell, his widow, would have failed if she had died before distribution.

## III

The interest which went to the widow, Anna Farrell, under the terms of the said will was a terminable interest within the meaning of § 2056(b) of the Internal Revenue Code of 1954.

## IV

The plaintiff is not entitled to any marital deduction.

## V

Plaintiff has not sustained her burden of proving that she is entitled to a refund.

## VI

Every finding of fact which is deemed to be a conclusion of law is hereby incorporated as a conclusion of law.

## VII

The defendant is entitled to judgment, that plaintiff take nothing, and that defendant have its costs to be taxed by the Clerk of the Court.

### Judgment

In accordance with the foregoing findings of fact and conclusions of law, it is ordered, adjudged and decreed that the plaintiff take nothing and that the complaint be dismissed with prejudice and the defendant have its costs in the sum of $———.