Estate of William David Frederick, Deceased, Gladys G. Frederick, Executrix v. Commissioner.
Estate of Frederick v. Commissioner
Docket No. 73353.
United States Tax Court
T.C. Memo 1962-89; 1962 Tax Ct. Memo LEXIS 221; 21 T.C.M. (CCH) 480; T.C.M. (RIA) 62089; April 20, 1962
*221 Testator's will left all his property to his wife upon the condition that she survive the "period of probate" of the will, with a provision for a gift over in the event she died during this period. Held, interpreting the term "period of probate" to mean the period of proving or establishing the will, the condition of the wife's survival during this period in order to take the interest under the will was one that did not necessarily have to occur within six months; consequently the interest is a terminable one within the meaning of subsection 812(e)(1)(B) and subsection 812(e)(1)(D) does not apply and the interest passing to the surviving spouse is disqualified as a marital deduction under section 812(e)(1)(A). Edward H. Boyle, *222 Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioner's estate tax in the amount of $13,757.43. The sole remaining issue is whether a certain interest passing to the decedent's widow under the will qualifies as a marital deduction within the meaning of section 812(e) of the Internal Revenue Code of 1939. [1]
All of the facts have been stipulated and are herein incorporated by this reference. William David Frederick died testate on July 6, 1954. A Federal estate tax return for the decedent's estate was filed with the district director of internal revenue at Helena, Montana. Decedent's last will and testament, dated January 7, 1937, provided, in part, as follows: I hereby give, devise and bequeath to my wife, Gladys G. Frederick, at present a resident of Billings, Yellowstone County, Montana, all my property, both real and personal, of whatsoever kind and nature and wheresoever the same may be situated, to have and to hold; it being provided that in the event my said wife does not survive *223 me, or that the death of my wife and myself should happen in such circumstances that it is impossible to determine the survivor, or in the event my wife does survive me but dies during the period of probate of my will, that then and in said event, or either of said events, if my youngest child, Patricia Frederick, or some other child hereafter born to the union between my aforesaid wife and me, shall not have reached the age of majority, that then and in said event all of the property devised and bequeathed hereby is given, devised and bequeathed to my son, Gordon Frederick, as Trustee, if he has reached the age of thirty year, but if he has not reached the age of thirty years, all of said property is given, devised and bequeathed to Noel B. Dolven, as Trustee, to be held by him as Trustee until my said son, Gordon Frederick, has reached the age of thirty years, and to be then turned over to the said Gordon Frederick, as Trustee; it being further provided that irrespective of my son's age, if the Trusteeship herein provided becomes effective, and the said Noel B. Dolven, is deceased at said time, that all of said property is given, devised and bequeathed to my said son, Gordon Frederick, *224 as Trustee. * * * it is further provided that upon final distribution of my estate, if my wife does not survive me as hereinbefore provided, that a division thereof shall only be made amongst my children now alive, or hereafter born, and that the children of my children shall not take hereunder. * * * It is my intention that in the event my wife does not survive me to inherit hereunder as hereinbefore provided, that then and in said event my property shall be held together and used for the support, maintenance and education of my children until the youngest has reached the age of majority. It is my will that my children shall not take under this Will in case my wife survives to inherit, as hereinbefore provided. The petition for probate of the decedent's will was filed on July 12, 1954. The probate court on July 26, 1954 entered an order which admitted the will to probate and authorized Letters Testamentary. On February 16, 1956 a final accounting was made and a decree of distribution was ordered by the probate court (District Court of the Thirteenth Judicial District, Yellowstone County, Montana). In the Federal estate tax return filed for decedent's estate a marital deduction *225 of $78,538.73 was claimed. Respondent disallowed $55,655.19 of this deduction with the following explanation: The will of the decedent provides that in the event the decedent's wife does not survive the probating of the estate, the property passing under the will passes to other than the surviving spouse. It has been determined this property is a terminable interest and is not a part of the marital deduction. Section 812(e)(1)(A) allows as a marital deduction "[an] amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate." Subsection 812(e)(1)(B) [2] provides that no deduction shall be allowed with respect to a life estate or other terminable interest. Subsection 812(e)(1)(D) [3] provides an interest shall not be considered terminable where the only condition attached to her interest is a common disaster condition or a condition that she survive testator for a period of not more than six months. *226 The issue here is whether the wife received a disqualifying terminable interest by reason of the provision in the will that "in the event my wife does survive me but dies during the period of probate of my will", both real and personal would pass to other persons. Both parties agree the above provision really creates a terminable interest in the spouse and they agree that the issue is whether it is to be considered a disqualifying terminable interest under section 812(e)(1)(D) i.e., whether the condition that the wife survive "during the period of probate of my will" means no more than that the spouse must survive her husband for a limited period not exceeding six months. Respondent argues the condition that the wife survive the "period of probate" means she must survive all of the proceedings incident to the settlement of the estate, up to and including the final accounting and distribution; that this could or would (and actually was) a period longer than six months after decedent's death and therefore her terminable interest was not saved from disqualification by the application of section 812(e)(1)(D). Petitioner does not argue that such a construction of the will would result *227 in the widow taking a conditional interest that would qualify for the marital deduction. It would seem that it would not under the prior opinions of this Court. See Estate of Allen Clyde Street, 25 T.C. 673; Estate of Frank Sbicca, 35 T.C. 96. Petitioner argues the will should be construed as meaning the wife would have to survive the proceedings up to and including the probate hearing and the order of court admitting the will to probate; that this is an event certain to occur under Montana law within six months after the death of a decedent; and therefore the condition of the wife's taking is that she survive the testator for a limited period not to exceed six months after the death of decedent. We are inclined to agree with the construction of the will contended for by petitioner. The probate of a will is the proving or establishing of the instrument as the decedent's will. In all estates certain procedural acts have to be performed over a period of time for the purpose of establishment of the will and the rights of executors and beneficiaries thereunder. The testator might well have meant the words "during the period of probate of my will" to relate *228 to the period during which the process that would lead to its being established as his will, was being performed. [4] We need not decide the construction of the will issue but for the further consideration of the issue here we will assume petitioner's construction is correct. This means the question of the application of section 812(e)(1)(D) will depend upon whether survival during the period of probate (construed as up to the order admitting the will to probate) means survival to the occurrence of an incident that was certain to occur within six months of decedent's death. Petitioner argues such certainty exists under Montana law. Section 91-801, Rev. Codes of Montana (1947), provides that the custodian of a will "within thirty days after receipt of information that the maker thereof is dead, must deliver the same to the district court having jurisdiction of the estate, or to the executor named therein." Section 91-802 of *229 the same statute provides that "[any] executor, devisee, or legatee named in any will, or any other person interested in the estate, may, at any time after the death of the testator, petition the court having jurisdiction to have the will proved." When the petition is filed and the will produced, the clerk of the court must set a hearing date not less than 10 nor more than 30 days from the production of the will. Section 91-806, Rev. Codes of Montana (1947). Respondent points to other statutes in Montana giving interested persons the right to appear on the hearing date and contest the validity of the will, which, admittedly, might well delay probate of the will until after six months after decedent's death. In any event it is clear that under Montana statutes there is the possibility in any estate of probate occurring after the six months period following decedent's death. Respondent, in Regulations 105, Sec. 81.47b(d) states: Where the only condition which will cause the interest taken by the surviving spouse to terminate is of such nature that it can occur only within 6 months following the decedent's death, the exception provided under section 812(e)(1)(D) will apply, provided *230 the condition does not in fact occur. However, where such condition * * * is one which may occur either within such 6-month period or thereafter, the exception provided under section 812(e)(1)(D) will not apply. The foregoing regulations were approved in Kasper v. Kellar, 217 F. 2d 744. The marital deduction statute relates to marital transfers only and the general design of the statute is to deny the deduction when, under some contingency, the property could pass from decedent to someone other than the spouse. This general design was relaxed somewhat by the enactment of section 812(e)(1)(D) where in effect Congress stated the beneficial interest of the surviving spouse would be sufficient if the only condition attached is a common disaster condition or a condition that the spouse survive the decedent for a period of six months. However, in order to secure the benefit of the above statute the taxpayer must show that the condition that the spouse survive probate means that she must survive to the happening of an event that must under any possible contingency occur within six months of decedent's death. Under Montana law probate could occur after six months under certain *231 circumstances. That is enough to defeat the deduction. It is immaterial that such circumstances are not likely to occur. Estate of Allen L. Weisberger, 29 T.C. 217. It is likewise immaterial that such circumstances did not occur. Kasper v. Kellar, supra.It is the existence of the contingency in the conditional interest that prevents the application of section 812(e)(1)(D). We hold respondent was correct in his determination that the interest passing to the spouse does not qualify for the marital deduction. For the purpose of giving effect to conceded adjustments Decision will be entered under Rule 50. Footnotes
1. All section references will be to the Internal Revenue Code of 1939, as amended, unless otherwise noted.↩
2. SEC. 812. NET ESTATE. For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate - * * *
(e) Bequests, Etc., to Surviving Spouse. - (1) Allowance of Marital Deduction. - * * *
(B) Life Estate or Other Terminable Interest. - Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest - (i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and (ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii) - (iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust. For the purposes of this subparagraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term. ↩
3. SEC. 812. NET ESTATE. For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate - * * *
(e) Bequests, Etc., to Surviving Spouse. - (1) Allowance of Marital Deduction. - * * *
(D) Interest of Spouse Conditional on Survival for Limited Period. - For the purposes of subparagraph (B) an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail upon the death of such spouse if - (i) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding six months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and (ii) such termination or failure does not in fact occur.↩
4. We lean to this construction because the construction that an interest is conditioned on survival of final settlement is one that courts generally are not inclined to make without clear indication that testator so intended. See Note 142 A.L.R. 136↩.