**Melba N. PIRRIE, Executrix of the Estate of John W. Pirrie, Deceased,** Plaintiff,

v.

**UNITED STATES of America,** Defendant.

**Civ. No. 717.**

United States District Court, D. Montana, Billings Division.

Oct. 15, 1970.

David L. Johnson, of Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., for plaintiff.

James P. Parker, Tax Division, Department of Justice, Washington, D. C., Otis L. Packwood, U. S. Atty., District of Montana, Billings, Mont., for defendant.

## OPINION AND ORDER

BATTIN, District Judge.

John W. Pirrie, a resident of Golden Valley County, Montana, died testate on September 21, 1964, at Billings, Montana. His will, dated March 24, 1961, was admitted to probate in the District Court of the Fourteenth Judicial District of the State of Montana, in and for the County of Golden Valley, on October 26, 1964. Plaintiff, Melba N. Pirrie, was appointed executrix of his estate. A decree of final distribution of the estate was entered on July 28, 1965.

A federal estate tax return was timely filed by plaintiff and a tax of $6,384.02 was paid.. A marital deduction of $107,-471.74, one-half of the adjusted gross estate of $214,943.49, was claimed on the return. On November 18, 1966, defendant notified plaintiff of a disallowance of the claimed marital deduction to the extent of all property passing under the will, thereby decreasing such deduction to $4,234.36. This disallowance resulted in a deficiency assessment of $28,012.09. Plaintiff made an advance payment on the deficiency assessment of $28,012.09 and paid interest in the sum of $1,618.94. On May 10, 1967, plaintiff filed with the District Director of Internal Revenue at Helena, Montana, a claim for refund of the foregoing amounts plus interest. The claim was disallowed on February 13, 1968. Plaintiff commenced this action on January 17, 1968, to recover those amounts plus interest from the date of payment.

The pertinent part of the will provides as follows:

"SECOND: I hereby give, bequeath and devise unto my beloved wife, Melba N. Pirrie, all the rest and residue of my property and estate of which I may die seized whether the same be real, personal or mixed property, and wheresoever located *except that* should my beloved wife precede me in death or should we die in an accident simultaneously or *should she die before a decree of distribution is entered in my estate, then that part that she would otherwise receive shall go to my beloved wife's two daughters* by a previous marriage, namely Joan Munson and Helen Nixon and to my brother George A. Pirrie, one-third to each of the three persons hereinabove last named." (Emphasis added.)

The statute in question is Section 2056 of the Internal Revenue Code, 1954, 26 U.S.C. The portions of the statute pertinent to this case are as follows:

"(a) *Allowance of marital deduction.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(b) *Limitation in the case of life estate or other terminable interest.*—

"(1) *General rule.*—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

"(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—

"(C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

For purposes of this paragraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.

. * * * * * *

"(3) *Interest of spouse conditional on survival for limited period.*—For purposes of this subsection, an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if—

"(A) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and

"(B) such termination or failure does not in fact occur."

The issue to be decided here is whether, under Montana law, the clause "or should she die before a decree of distribution is entered in my estate" creates a terminable interest within the meaning of Section 2056. If the legal effect of that clause is to convert the residuary bequest into a terminable interest, then defendant correctly disallowed the claimed marital deduction. On the other hand, if the clause does not convert the residuary bequest into a terminable interest, then defendant erroneously disallowed the deduction. The issue of whether a terminable interest is created depends on the resolution of two questions: (1) whether the phrase "decree of distribution" as used in Mr. Pirrie's will is ambiguous and therefore invalid and (2)

whether the condition, if valid, should be limited to the period in which estates are *de jure* distributable so as to fall within the six month provision of Title 26 U.S. C., Section 2056(b) (3).

## MONTANA STATUTES AND CONTENTIONS OF PARTIES

Montana has codified a number of the common law principles relating to the construction of a will in Revised Codes of Montana, 1947. The ones applicable in the present situation are as follows:

"*91–201. Testator's intention to be carried out.* A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible."

"*91–205. Harmonizing various parts.* All parts of a will are to be construed in relation to each other, so as, if possible, to form one consistent whole; but where several parts are absolutely irreconcilable, the latter must prevail."

"*91–225. When devises and bequests vest.* Testamentary dispositions, including devises and bequests to a person on attaining majority, are presumed to vest at the testator's death."

"*91–226. When cannot be divested.* A testamentary disposition, when vested, cannot be divested unless upon the occurrence of the precise contingency prescribed by the testator for that purpose."

"*91–229. Conditional devises and bequests.* A conditional disposition is one which depends upon the occurrence of some uncertain event, by which it is either to take effect or be defeated."

"*91–230. Condition precedent defined.* A condition precedent in a will is one which is required to be fulfilled before a particular disposition takes effect."

"*91–233. Condition subsequent defined.* A condition subsequent is where an estate or interest is so given

as to vest immediately, subject only to be divested by some subsequent act or event."

Both parties argue that Mrs. Pirrie's interest vested at the time of her husband's death and that the condition "should she die before a decree of distribution is entered in my estate" must be viewed as a condition subsequent. The court agrees. The conflict between the parties concerns the validity of the condition. Plaintiff contends that the interest she received at the time of her husband's death is absolute because the condition subsequent is ambiguous and invalid. The condition, she argues, may mean a final decree of distribution, or a partial decree, or both. Or her husband may have intended that the condition was not to remain operative after the *de jure* period for distribution of estates. Finally, she argues, the word "distribution" may mean the vesting and consequent change in ownership of property at the time of a testator's death. Plaintiff also contends that under Montana probate statutes an estate is *de jure* distributable within six months of a testator's death and, therefore, that the interest created here qualifies for the six months survivorship exception allowed by Title 26 U.S.C., Section 2056(b) (3). Defendant contends that the phrase "a decree of distribution" is clear and unambiguous. Whether Mr. Pirrie meant a final decree or partial decree or both, defendant argues, makes no difference since each refers to an unambiguous event which could occur more than six months after the testator's death.

In the opinion of the court, defendant's position is correct. While the question is difficult because it involves to a large extent the reconstruction of the decedent's intention, the law weighs more clearly in favor of a terminable interest in this situation than against it.

## "A DECREE OF DISTRIBUTION"

The heart of Title 26 U.S.C., Section 2056(b) (1) which applies to the present situation may be stated as follows: Where an interest passing to the surviving spouse will fail if a condition occurs, no marital deduction will be allowed if an interest in the property passes to a third person or persons who may enjoy the property after the condition occurs. The condition in Mr. Pirrie's will fits squarely within the rule. If Mrs. Pirrie had died before a decree of distribution was entered, the property would have passed, one-third each, to Joan Munson, Helen Nixon, and George A. Pirrie. In addition, the Treasury Regulations, while they do not have the force of statute, state flatly that the type of condition Mr. Pirrie included in his will creates a terminable interest. Treasury Regulation 20.2056(b) (3), Example (4), states:

"A decedent devised and bequeathed his residuary estate to his wife if she was living on the date of distribution of his estate. The devise and bequest is a nondeductible interest even though distribution took place within 6 months after the decedent's death and the surviving spouse in fact survived the date of distribution."

Taking the statute and regulations alone and applying them to this case points clearly to the conclusion that Mr. Pirrie created a nondeductible interest in his wife. The problem, considering more than the statute and regulations, is whether the condition is so ambiguous that it should be read out of the will.

It should be noted at the outset that Mr. Pirrie conditioned the interest of his wife upon "*a* decree of distribution." Had he stated "*the* decree of distribution", a better argument for ambiguity could be made as to whether Mr. Pirrie meant a final or partial decree. The use of "a", however, indicates to this court that he did not intend to limit the condition to either event, but to include both. The indefinite article "a", when used as a function word before a singular noun, refers to a thing or things unspecified, whereas the definite article "the" refers to something specified or clearly understood from the context. The conditions which Mr. Pirrie included in his will show his concern with avoiding the costs of double probate, administration, and

taxes should his wife die shortly after his death. His intention was to avoid those costs as to any property which his wife, at the time of her death, had not yet received under his will. He did not intend the condition to apply to any property his wife had received under either a partial or final decree.

The placement of the conditional clause in relation to the vesting or absolute clause sheds further light on the testator's intention. It should be noted that the second paragraph of Mr. Pirrie's will, the one in question here, is only one sentence. It contains both the vesting of the residue and the condition. In Farrell v. United States, 198 F.Supp. 461, 462 (S.D. Cal.1961), the court stated: "The determining factor is whether the modifying clauses so distinctly alter the vesting clause that they cannot be separated." This rule is consistent with R.C.M., 1947, Section 91–205, set out above, which requires that all provisions of a will must be construed consistently with each other unless absolutely irreconcilable. The conditions following the phrase "except that" in Mr. Pirrie's will are not absolutely irreconcilable with the phrase "I hereby give, bequeath and devise unto my beloved wife." The condition will not be struck down as irreconcilable and, in the opinion of the court, the proximity of the vesting and modifying clauses demonstrates the testator's intent to create an enforceable condition on his wife's interest.

The Montana Supreme Court has never ruled on the questions presented by this suit. Similar questions have, however, been presented in federal court. In Steele v. United States, 146 F.Supp. 316 (D.Mont.1956), the condition that the surviving spouse be living "at the time Decree of Distribution of my estate is made hereunder" was held invalid. The Court based its decision, however, on a state probate court decree which held that the taxpayer in that case was entitled to the marital deduction. The case is inapplicable here not only because a state probate decree on this question has never been entered in this case, but also because

the United States Supreme Court has since held that federal courts are not bound by state probate court decrees. Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). The United States Tax Court has held that a bequest to the surviving spouse upon her survival of the "period of probate" was a valid condition under Montana law and was a terminable interest under the Internal Revenue Code. Estate of Frederick v. Commissioner, 21 T.C.M. 480 (1962).

Both parties have cited to the court many cases involving the interpretation of such phrases as "before my estate has been administered," "decree of final distribution," "before this will is probated," "predecease distribution to her" and "before final settlement of my estate." None of these cases can realistically be said to be on "all fours" with this case. Not only do the terms of the will and the laws of the states vary, but in some cases unusual evidence exists to shed light on the intention of the testator. For example, in Kasper v. Kellar, 217 F.2d 744 (8 Cir. 1955), on remand, 138 F.Supp. 738 (W.D.S.D.1956), it was found that the testator deliberately changed his will shortly after the marital deduction was passed in order to obtain its benefits. In short, the many cases cited shed little light on this case.

Plaintiff further contends that the phrase "decree of distribution" is ambiguous because "distribution" may mean the vesting which occurs at the time of a testator's death. The contention is unrealistic. If the condition, as in Kasper v. Keller, supra, were "prior to the distribution of my estate," such an argument might be made. But the phrase "decree of distribution" refers to a definite event which results from a judicial act on a particular day.

■ Having considered the many cases cited and the language employed by Mr. Pirrie, it is the conclusion of the court that the condition "should she die before a decree of distribution is entered in my estate" is not ambiguous. It is a

valid condition subsequent which may receive effect under R.C.M., 1947, Sections 91–229 and 91–233.

### DE JURE DISTRIBUTION

■ Plaintiff further argues that, if the bequest is valid, it falls within the six month survivorship exception of Title 26 U.S.C., Section 2056(b) (3). Her argument seems to be that if the estate is *de jure*, that is, "of right" or lawfully, distributable within six months after her husband's death, then the estate qualifies for the exception. The court does not reach this conclusion from a reading of the statute. It provides that a condition will qualify for the exception if it "is of such nature that it can occur only within 6 months following the decedent's death." While it is possible for an estate to be completely probated in Montana within six months, that period is not the only one within which probate may occur. In fact, the far more common situation is for probate to last longer than six months. In this case, the time between Mr. Pirrie's death and the decree of distribution was over ten months. Mr. Pirrie intended that his wife must live to have some property distributed to her by decree. He did not state the limitation in abstract terms of the time in which any estate could lawfully be distributed, but rather in particular terms of the time for a decree of distribution "in my estate." Since a decree of distribution can be entered under Montana law, and usually is entered, more than six months after death, it does not come within the terms of the statute.

### CONCLUSION

■ Considering the actual language of the condition, the proximity of the conditional clause to the vesting clause, and the requirement under Montana law that the various parts of the will be construed consistently with each other, leads the court to the conclusion that Mr. Pirrie did in fact impose upon his wife's interest a clear and unambiguous condition, namely, survival of the entry of a decree of distribution. It therefore falls clearly within the language of Title 26 U.S.C., Section 2056(b) (1). And it is not excepted by the language of Title 26 U.S.C., Section 2056(b) (3) since the entry of a decree of distribution need not necessarily occur under Montana law within six months of the testator's death. As stated in Hansen v. Vinal, 413 F.2d 882, 887 (8 Cir. 1969): "The result we reach may be harsh, but it is required by the statute."

■ Not only is the result harsh on the widow but it may in addition be contrary to the general policy of Congress in providing the marital deduction. The marital deduction was intended by Congress to equalize the tax burdens of estates in community property and common law jurisdictions. Montana is a common law jurisdiction. To hold that the condition of the will is unambiguous and effective under Montana law, and to give the condition effect under the clear language of Title 26 U.S.C., Section 2056, is to put Mr. Pirrie to some disadvantage as against a testator in a community property state. The intent of Congress to equalize tax burdens is not achieved.

On the other hand, the marital deduction, as modified by the terminable interest rules, provides equal tax advantages if the draftsmen of testamentary instruments are meticulous in adhering to the formal requirements of Section 2056. Congress did not intend to elevate form over substance, but set out clearly in that section the conditions under which a bequest would be disqualified. The elements of a terminable interest, as set out by Section 2056(b) (1), are included in the second paragraph of Mr. Pirrie's will.

Counsel for both parties should be complimented for their fine briefs and presentation. The law of terminable bequests is at best conflicting. The decision in this case was not reached easily. Considering, however, all of the facts and law relating to this case, the conclusion that a terminable interest was created by the language of the will is more legally supportable than any other conclusion.

It is therefore ordered and adjudged that plaintiff is not entitled to a refund

of the taxes and interest previously paid to the Internal Revenue Service. The clerk of this court is directed to enter judgment in favor of defendant and against plaintiff. The parties shall bear their own costs.